Jasper Hollis ROSEMUND, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 9639.

United States Court of Appeals
Tenth Circuit.

Dec. 8, 1967.

James A. Pusateri, Prairie Village, Kan., for appellant.

James R. Ward, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., on brief), for appellee.

Before WOODBURY,* LEWIS and HICKEY, Circuit Judges.

PER CURIAM.

Appellant, convicted of bank robbery, attacks the ruling of the trial court which admitted a one dollar bill into evidence. The exhibit was found in appellant's home and identified by the bank teller as having recently been in her possession prior to the robbery for which appellant was convicted.

After some of the stolen money was recovered from the home of appellant, the bank teller identified a one dollar bill among the money by a yellow sticky substance contained thereon. At the time of this identification the teller placed her initials on the bill, which was then in the possession of the F.B.I. The F.B.I. later transmitted the money to a laboratory for further tests. At the time of its admission into evidence the yellow sticky substance was gone and only the teller's initials remained as an identifying mark. When the money was offered, without objection, the court admitted it.

Appellant contends the plain error doctrine under Fed.R.Crim.P. 52 compels the court to reverse the conviction. We disagree.

This court has recognized the admission of marked currency. Calderon v. United States, 269 F.2d 416, 419 (10th Cir. 1959). Here, there can be no doubt the exhibit was properly identified by the initials of the witness through whom it was offered. The money was properly identified and had been in the possession of the F.B.I. since it was found. Therefore, the fact that it was in a somewhat different condition at the time of its introduction in evidence does not prevent its admissibility. Evans v. United

* Senior Circuit Judge of the First Circuit, sitting by designation.

States, 122 F.2d 461, 466 (10th Cir. 1941).

This court has recently said: "The law applicable to admissibility of physical exhibits is clearly stated in Brewer v. United States, 8 Cir., 353 F.2d 260, to the effect that if, upon consideration of the nature of the article, the circumstances surrounding the preservation and custody of it and the likelihood of intermeddlers tampering with it, the trial judge deems the article to be in substantially the same condition as when the crime was committed, he may admit it into evidence, and his determination 'that the showing as to identification and nature * * * is sufficient to warrant reception of an article in evidence may not be overturned except for a clear abuse of discretion.' Id., 262, quoting and citing Gallego v. United States, 9 Cir., 276 F.2d 914, 917; see also West v. United States, 8 Cir., 359 F.2d 50, 55." Reed v. United States, 377 F.2d 891, 893 (10th Cir. 1967).

We find no such abuse and therefore affirm the trial court.

Affirmed.