**Ollie Nathan HARRIS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 9895.**

United States Court of Appeals Tenth Circuit.

July 5, 1968.

Rehearing Denied Dec. 9, 1968.

Thad L. Klutts, Oklahoma City, Okl., for appellant.

B. Andrew Potter, U. S. Atty., and John E. Green, Asst. U. S. Atty., for appellee.

Before PHILLIPS, HILL and HICKEY, Circuit Judges.

PER CURIAM.

Appellant, Harris, was tried and convicted in the Western District of Oklahoma, after waiving a jury, of violations of various sections of the Internal Revenue liquor laws. The case was submitted here upon the briefs and record without oral argument.

The brief filed by appellant makes three points: (1) "The punishment and judgment of the court was excessive;" (2) The court erred in admitting the evi-

dence of several government witnesses, all of whom were investigators for the Alcohol and Tobacco Division of the Treasury Department; (3) The court "erred when the trial court refused to give an instruction on entrapment." All points are without merit and unsubstantial.

The trial judge, after finding appellant guilty on eight counts, sentenced him to five years on each of five counts, the sentences to run concurrently, and on the remaining three counts suspended the imposition of sentence and granted probation for three years to commence to run at the expiration of the concurrent sentences. The sentences were imposed under 26 U.S.C. §§ 5604(a) (1) and 5686 (a) and 18 U.S.C. § 371. A reading of those statutes plainly shows the sentences here to be within the maximum therein provided for. There was no abuse of discretion and it is a valid sentence.[1]

The second point is premised upon appellant's legal conclusion that he was illegally entrapped into committing the offenses charged. The issue of entrapment was urged in the trial court and there rejected by a finding that there was no entrapment in the case. This court has said that "Entrapment occurs when the criminal design or conduct originates in or is the product of the government officials and is implanted by them in the mind of an otherwise innocent person."[2] We have reviewed all the evidence in the case and reach the inescapable conclusion that there was no entrapment, it is just another instance of the government agents merely affording the appellant an opportunity to commit an offense for which he already had the criminal propensity,[3] which falls far short of entrapment.

1. Thompson v. United States, 10 Cir., 381 F.2d 664; Jordan v. United States, 10 Cir., 370 F.2d 126; Smith v. United States, 10 Cir., 273 F.2d 462, cert. den. 363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729.

2. Martinez v. United States, 10 Cir., 373 F.2d 810, at 812.

3. Rowlette v. United States, 10 Cir., 392 F.2d 437; Jordan v. United States, 10 Cir., 348 F.2d 433.

The third point is wholly without merit because the case was tried without a jury.

Affirmed.