John Harrison "Tot" DAVIDSON,
Appellant,

v.

The UNITED STATES of America,
Appellee.

No. 9709.

United States Court of Appeals
Tenth Circuit.

April 9, 1969.

Rehearing Denied May 8, 1969.

Sam Sullivan, Durant, Okl., and Thad L. Klutts, Oklahoma City, Okl., for appellant.

Bruce Green, U. S. Atty., Muskogee, Okl., for appellee.

Before JONES, *Senior Circuit Judge, and BREITENSTEIN and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

Appellant was convicted under 18 U.S. C. § 371 on one count for conspiracy to violate Chapter 51 of the 1954 Internal Revenue Code by unlawful possession and sale of distilled spirits not evidencing required revenue stamps, and on eleven related counts for such unlawful possession or sales. A judgment of conviction was entered sentencing him to five years' commitment on the conspiracy count and a one year commitment on each remaining count.[1] A fine of $5,000 was also imposed on the conspiracy count, and fines on the remaining counts were conditioned so as to provide a total fine of $10,000 on all counts.

On this appeal it is urged that the conviction should be reversed and a new trial granted on the grounds that: (1) the District Court erred in refusing to submit an instruction on the defense of entrapment; and (2) error occurred by the admission of testimony of investigators as to acts and statements of appellant during an undercover investigation, which allegedly occurred without required warnings and therefore violated appellant's right under Escobedo [2] and Miranda.[3] Appellant further seeks relief on the ground that the sentences and fines imposed are excessive. In addition, supplemental briefs discuss whether the convictions on counts 5 and 6 are supported by any evidence.

In substance the prosecution evidence showed the following. In October, 1965, Howard Vidrine, an investigator for the Treasury Department, Alcohol and Tobacco Tax Division, came to Southeastern Oklahoma for an undercover investigation. Appellant was a constable in Choctaw County. On October 17 Vidrine and a contact saw appellant coming out of a club. Appellant called the contact over to him. After a brief discussion, not overheard by Vidrine, the contact said appellant would sell them some whiskey. Vidrine said he wanted some in a few days. Appellant said he knew a man up the road who could bring it, and stated a price to Vidrine at $30 a case.

A few days later Vidrine went to an agreed meeting place suggested by appellant and purchased 60 gallons of whiskey in jars bearing no tax stamps, and also made several similar purchases from appellant within the next five months. Early in the course of the sales Vidrine asked how they could safely communicate orders by phone and appellant suggested a code by which Vidrine ordered desired quantities of whiskey by calling for certain pounds of fish. Later appellant drove ahead of Vidrine and showed him a route by back roads so he could get into Texas with the whiskey without interference by Texas authorities. Other investigative agents confirmed such

---

* Of the Fifth Circuit, sitting by designation.

1. The judgment provided that the sentence imposed on count 2 shall run consecutively to that on count 1, the conspiracy count, and that the sentences on counts 3 through 12 shall run concurrently with those imposed on count 2 and count 1.

2. Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

3. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

transactions between Vidrine and appellant. The defense offered no evidence.

■ Appellant first urges that the circumstances compelled the submission of an instruction on the defense of entrapment. However, the proof showed merely the affording of the opportunity for commission of the offense, and no creative activity by the law enforcement officers which could constitute entrapment. Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963); Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); McCarthy v. United States, 399 F.2d 708 (10th Cir. 1968). The evidence disclosed only proper procedures which were clearly " * * * permissible stratagems involved in the detection and prevention of crime." Lopez v. United States, supra at 434, 83 S.Ct. 1381, at 1385. Under such circumstances it was not error for the District Court to refuse a charge on the issue. Hester v. United States, 303 F.2d 47 (10th Cir. 1962), cert. denied, 371 U.S. 847, 83 S.Ct. 80, 9 L.Ed.2d 82 (1962); Harris v. United States, 402 F.2d 464 (10th Cir. 1968).

■■ The second ground for reversal argued is that proof of appellant's acts and statements in the presence of the undercover investigative officers violated his rights under *Escobedo* and *Miranda*. It is contended that arrest in effect occurred when Vidrine commenced the investigation, and that proof against appellant was improperly obtained without required warnings, including that of the right to counsel. The proposition lacks substance and support. Such constitutional safeguards are in force during custodial investigation or after a significant interference with freedom, but they do not apply during prior investigative processes. See Mathis v. United States, 391 U.S. 1, 3–4, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968); Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966); Mares v. United States, 409 F.2d 1083 (10th Cir. 1968); and White v. United States, 395 F.2d 170, 173 (8th Cir. 1968), cert. denied, 393 U.S. 844, 89 S.Ct. 127, 21 L.Ed.2d 115 (1968). We conclude that the investigative procedure and the use of proof obtained by it in no way violated appellant's constitutional rights, and that under such circumstances the Government was " * * * entitled to use decoys and to conceal the identity of its agents." Lewis v. United States, 385 U.S. 206, 209, 87 S.Ct. 424, 426, 17 L.Ed. 2d 312 (1966).

■ Appellant contends that the punishment was too severe. The sentences and fines were within the limits of the statutes[4] and are invulnerable here. Hall v. United States, 404 F.2d 1365 (10th Cir. 1969); Cooper v. United States, 403 F.2d 71 (10th Cir. 1968); Smith v. United States, 273 F.2d 462 (10th Cir. 1959), cert. denied, 363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729 (1960).

■ The sufficiency of the evidence on counts 5 and 6 is discussed in supplemental briefs. On count 5 the Government relies in part on Vidrine's testimony repeating a statement by a co-defendant who quoted Davidson as asking about the amount of whiskey desired. However, the statement of Government counsel responding to a hearsay objection shows that this proof was offered only to sustain the conspiracy count—count one. On both counts 5 and 6 it is further argued that circumstantial evidence may support the convictions since the price was the same as for other sales and the deliveries were made in the vicinity of the same clubs where other deliveries occurred. No other proof connects Davidson with the transactions involved in counts 5 and 6. On these counts we conclude that such circumstances raise a mere suspicion of guilt and may not support the convictions. Maestas v. United States, 311 F.2d 457 (10th Cir. 1962), cert. denied, 372 U.S. 936, 83 S. Ct. 883, 9 L.Ed.2d 767 (1963); Glover v. United States, 306 F.2d 594 (10th Cir. 1962).

4. See 18 U.S.C. § 371 and 26 U.S.C. § 5604(a).

For the reasons stated the judgment is affirmed as to the convictions on all counts except counts 5 and 6, on which the convictions are reversed, and the case is remanded for further proceedings in accordance herewith and dismissal of the indictment as to appellant on counts 5 and 6.