**Leo Frank "Buddy" O'QUINN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 9711.**

United States Court of Appeals
Tenth Circuit.

April 9, 1969.

Rehearing Denied May 8, 1969.

Thomas J. Burns, Arvada, Colo., for appellant.

Bruce Green, U. S. Atty., Muskogee, Okl., for appellee.

Before WARREN L. JONES,* Senior Circuit Judge, and BREITENSTEIN and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

Under 18 U.S.C. § 371 appellant was convicted on one count for conspiracy to violate Chapter 51 of the 1954 Internal Revenue Code by unlawful sale of distilled spirits not evidencing required revenue stamps. He was also convicted on four related counts for making such unlawful sales. The judgment imposed three-year sentences for each of the five convictions, with provision for the sentences to run concurrently. This appeal from that judgment is a companion case to Davidson v. United States, 411 F.2d 75 (10th Cir. 1969), just decided here, arising from the same prosecution.

For reversal of the convictions and a new trial appellant asserts that: (1) error occurred when Government investigators were permitted to testify with the use of summary statements; and (2) admission in evidence of jars and their whiskey contents was error, due to allegedly insufficient identification. Supplemental briefs also discuss whether the conviction on count 4 is sustained by any evidence.

By the testimony of various investigators of the Treasury Department Alcohol and Tobacco Tax Division, the prosecution showed the following. In October, 1965, Howard Vidrine, one of the Treasury agents, began an undercover investigation in Choctaw County in Southeastern Oklahoma. On October 17 Vidrine and a contact who traveled to Oklahoma with him commenced arrangements with a Constable Davidson for purchase of non-tax paid whiskey. Deliveries began shortly and appellant participated in the delivery of 48 gallons of moonshine whiskey and receipt of money for it on October 26. His participation in this transaction and in subsequent similar ones within the following month were shown. Appellant offered no evidence.

Appellant's first claim of error concerns the use of summary statements or reports by the Government investigators during their testimony. Daily notes were made by the agents during the investigation which extended over several months. These were transferred to larger papers to get the notes in order. Then progress reports were later typed for superiors in the Treasury Department. When the investigation was completed summary statements were prepared by each Government witness from his progress reports. The summary statements of Government witnesses were produced and Vidrine's statement and all his progress reports in possession of the Alcohol and Tobacco Tax Division were also made available for examination by defense counsel.

██ The District Court properly examined the witnesses as to the purpose for which the summary reports were being used by them and appellant conducted voir dire examination on them. From all such examination it appeared that while the witnesses could not remember such specifics as exact dates and the like, their memories were clear as to the identity of appellant and his participation in the transactions making up the substance of the offenses charged. Thus, the summaries only served as a proper aid to present recollection refreshed. Imperial Meat Company v. United States, 316 F.2d 435 (10th Cir. 1963), cert. denied, 375 U.S. 820, 84 S.Ct. 57, 11 L.Ed.2d 54 (1963); Roberson v. United States, 282 F.2d 648 (6th Cir. 1960), cert. denied, 364 U.S. 879, 81 S.Ct. 167, 5 L.Ed.2d 108 (1960); and see McWilliams v. Lewis, 75 U.S.App. D.C. 153, 125 F.2d 200 (D.C. Cir. 1941). The District Court had broad discretion, which was not abused, in allowing the witnesses to use such memoranda. Imperial Meat Company v. United States, supra; United States v. Riccardi, 174 F.2d 883 (3d Cir. 1949), cert. denied, 337 U.S. 941, 69 S.Ct. 1519, 93 L.Ed. 1746 (1949). The summary statements

* Of the Fifth Circuit, sitting by designation.

and progress reports produced, as stated above, were made available to study for cross-examination of the witnesses. Appellant thus had the customary opportunity and necessary material to challenge the recollection of the witnesses. See United States v. Riccardi, supra at 890. We conclude that no reversible error occurred by permitting use of the reports.

The second argument for reversal centers around the admission in evidence of jars and their whiskey contents. Appellant contends that Vidrine's testimony failed to establish a clear chain of possession of the exhibits. However, Vidrine identified them as the jars and contents received in the transactions by observation of the jars, the labels he placed on them and marks scratched on their lids shortly after their delivery. He stated that at that time he either smelled or tasted the contents of the jars and that all contained moonshine whiskey. We conclude that the identification was proper as made by the Government witnesses and that the District Court may not be said to have abused its discretion in determining that such identification was satisfactory. Rosemund v. United States, 386 F.2d 412 (10th Cir. 1967); Reed v. United States, 377 F.2d 891 (10th Cir. 1967); Brewer v. United States, 353 F.2d 260 (8th Cir. 1965). There was no showing of any tampering with the exhibits and it was not to be presumed that the investigators would do so. Brewer v. United States, supra at 263. Moreover, in view of all the proof as to appellant's part in the transactions, the detection of whiskey at that time, and the absence of the required stamps, appellant's guilt was compellingly and conclusively established. Under such circumstances the admission of the exhibits, if an error, was not one which would have had substantial influence on the outcome, and was harmless within the meaning of Rule 52(a), F.R. Crim.P.; Guffey v. United States, 310 F.2d 753 (10th Cir. 1962).

The sufficiency of the evidence on count 4 is discussed in supplemental briefs. There was no proof connecting O'Quinn with the arrangements for this transaction and none that he participated in it. It is argued that there is sufficient circumstantial evidence in proof of appellant's participation in other sales and in the showing that this delivery occurred in the vicinity of the clubs where other deliveries were made. Such circumstances raise a mere suspicion of guilt and are insufficient to sustain the conviction on this count. Maestas v. United States, 311 F.2d 457 (10th Cir. 1962), cert. denied, 372 U.S. 936, 83 S.Ct. 883, 9 L.Ed.2d 767 (1963); Glover v. United States, 306 F.2d 594 (10th Cir. 1962); and see Davidson v. United States, 411 F.2d 75 (10th Cir. 1969), holding similar circumstantial evidence insufficient.

For the reasons stated the judgment is affirmed as to the convictions on counts 1, 3, 5 and 6, and reversed as to the conviction on count 4, and the case is remanded for further proceedings in accordance herewith and dismissal of the indictment as to appellant on count 4.