**UNITED STATES of America,**
**Appellee,**

v.

**Jimmy Charles COLEMAN, Appellant.**

**No. 75–1040.**

United States Court of Appeals,
Tenth Circuit.

Oct. 20, 1975.

James H. Payne, Sandlin & Payne, Muskogee, Okl., for appellant.

Richard A. Pyle, U. S. Atty., and Betty Outhier Williams, Asst. U. S. Atty., for appellee.

Before LEWIS, Chief Judge, and HILL and SETH, Circuit Judges.

PER CURIAM.

Appellant, convicted of knowingly possessing stolen merchandise, attacks the rulings of the trial court which admitted declarations made by the appellant after an allegedly improper presentation of his rights and allowed introduction of a tire into evidence.

Prior to trial, appellant was interviewed on four different occasions by an FBI agent. At the first interview, local police informed the agent that the appellant had just been orally informed of his Miranda rights. After determining the appellant could read, write, and understand the English language at that initial questioning, the agent gave the appellant the simplified FBI advice of rights form to read and asked appellant whether he had any questions and if he understood his rights at every interview thereafter.

■ Appellant argues a strict reading of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and cases decided under it require the accused be orally informed of his rights. The cases he cites for this proposition, however, do not support his argument. In both *United States v. Springer,* 460 F.2d 1344 (7th Cir.), and *Bailey v. United States,* 410 F.2d 1209 (10th Cir.), the FBI form was read to the accused, which procedure was held to constitute adequate notice of his rights. However, there is no language in either of these cases to suggest the oral nature of the presentation was the critical ingredient. Further, information of rights by written form has been upheld in many Circuits. *United States v. Van Dusen,* 431 F.2d 1278 (1st Cir.); *United States v. Kress,* 446 F.2d 358 (9th Cir.), *cert. denied* 405 U.S. 932, 92 S.Ct. 989, 30 L.Ed.2d 807 (1972); and *Bell v. United States,* 382 F.2d 985 (9th Cir.). Appellant's first issue on appeal is without merit.

At trial, the Government introduced a tire after one of the persons who purchased tires from the appellant identified it as having the characteristics of the tire he had bought. This purchaser also testified that at the time of the sale, the appellant had admitted these were stolen tires which had been sold to him. The tire on exhibit was also identified by a Government agent as the same tire he had received from another person who had bought tires from the appellant. The agent's identification was further substantiated by the date and initials he had scratched into the tire when it was turned over to him by the purchaser. Finally, the manufacturer's representative identified the characteristics of the tires stolen as those of the exhibit.

■■ We have consistently held that when the trial court deems a physical exhibit to be in substantially the same condition as when the crime occurred and on that basis admits the article into evidence, that decision will not be overturned except for a clear abuse of discretion. *Reed v. United States,* 377 F.2d 891 (10th Cir.), and *Rosemund v. United States,* 386 F.2d 412 (10th Cir.). We find no abuse of discretion here in determining the identification of the exhibit sufficient to establish a clear chain of custody. *O'Quinn v. United States,* 411 F.2d 78 (10th Cir.).

The trial court properly admitted the appellant's declarations and the tire into evidence, and we affirm the conviction.

Affirmed.