UNITED STATES of America, Plaintiff-Appellee,

v.

William Roger TRICE, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Emric CLAYTON, Jr., Defendant-Appellant.

Nos. 72–1317, 72–1318.

United States Court of Appeals, Ninth Circuit.

March 30, 1973.

Bruce C. Gregor (argued), Sacramento, Cal., for appellant Trice.

Bruce Babcock, Jr., Asst. U. S. Atty. (argued), William B. Shubb, Asst. U. S. Atty., Sacramento, Cal., for appellee.

Martin F. Jennings, Jr. (argued), Sacramento, Cal., for appellant Clayton.

Bruce Babcock, Jr., Asst. U. S. Atty. (argued), William B. Shubb, Asst. U. S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before BARNES, BROWNING, and WALLACE, Circuit Judges.

WALLACE, Circuit Judge:

A jury found Trice and Clayton guilty of armed bank robbery in violation of

18 U.S.C. § 2113(a) and (d). The various witnesses at the scene were unable to identify the robbers, but one witness secured the license number of the getaway car. Shortly afterwards, the police stopped the car. Questioning of the lone occupant, Lorenzo Tijerina, led to the arrest of these appellants. They request reversal, each specifying three errors. We affirm.

### I. Clayton

Clayton first argues that there was no probable cause for his arrest without a warrant. On the afternoon of the robbery, the driver of the getaway car, Tijerina, admitted his guilt, gave a detailed account of the robbery and implicated Clayton. Clayton argues that the uncorroborated testimony of an informant cannot support an attempted warrantless arrest and the attendant search and seizure.

■ The reliability of an informant is the controlling factor in establishing probable cause for an arrest. *See* United States v. Mehciz, 437 F.2d 145, 149 (9th Cir.), cert. denied, 402 U.S. 974, 91 S.Ct. 1663, 29 L.Ed.2d 139 (1971). Ordinarily the informant's information must be corroborated or verified to an extent sufficient to establish his credibility. *See* Musgrove v. Eyman, 435 F.2d 1235, 1238 (9th Cir. 1971). There was sufficient corroboration in this case, considering that: (a) Tijerina was stopped in the getaway car immediately after the robbery; (b) his admissions were against his own penal interest; (c) he correctly described the crime in detail; and (d) his sister told FBI agents that Tijerina and Clayton had left the house together about thirty minutes before the robbery. There is ample corroboration of Tijerina's implicating statements and thus, there was probable cause for Clayton's arrest.

■ Clayton next asserts that the FBI entry into his apartment to effect his arrest was illegal and that the subsequent seizure of the marked money was, therefore, tainted. This contention is based upon his factual argument that the FBI knew Clayton was not in his apartment. In ruling on Clayton's motion to suppress, the trial court found otherwise. Clayton has not demonstrated, as he must, that those findings were clearly erroneous.

■ Finally, Clayton contends that the introduction into evidence, of his fingerprint which was lifted from the getaway car was improper and prejudicial. First, he argues that the relevancy of the testimony was outweighed by the prejudice. The admission of this evidence was within the trial judge's discretion and there is no basis for finding that he abused that discretion.

■■ Second, he asserts that the expert witness who lifted the print and testified as to its identity and age was not sufficiently qualified and that his opinion was too speculative. The initial question of whether an expert witness has sufficient competency and qualifications to testify is also within the discretion of the trial judge. Fineberg v. United States, 393 F.2d 417, 421 (9th Cir. 1968). Again there is no showing of an abuse by the judge, especially since he properly instructed the jury that it was to consider the expert's credentials and make its own determination as to whether to accept or reject his opinion.

### II. Trice

Trice's first allegation of error is that the trial court failed to grant him a judgment of acquittal. He argues that there was insufficient evidence to allow his case to go to the jury.

■ The prosecution need not exclude every reasonable hypothesis except guilt; it need only present evidence which is substantial enough that a jury could reasonably arrive at a guilty verdict. *See* United States v. Nelson, 419 F.2d 1237, 1242–45 (9th Cir. 1969). The jury knew the following about Trice: although the robbers were masked, he roughly matched the composite description provided by the eyewitnesses to the robbery; he was apprehended six

hours after the robbery with Clayton near Clayton's apartment where marked money was found; he had marked money on his person; and more marked money was found stuffed under the seat he occupied in the squad car which took him to jail. This evidence when taken together and coupled with reasonable inferences would allow a jury reasonably to return a guilty verdict. The possession of recently stolen property will support an inference that Trice was the thief. Corey v. United States, 305 F.2d 232, 238 (9th Cir. 1962), cert. denied, 371 U.S. 956, 83 S.Ct. 511, 9 L.Ed.2d 503 (1963). Furthermore, the jury could properly conclude that Trice attempted to hide the money in the squad car and this also supports an inference of guilt-consciousness. Thus the trial judge did not err in allowing Trice's case to go to the jury.

[redacted] Trice's second contention is that the trial judge erred in refusing to give an instruction concerning the testimony of the accomplice, Tijerina. When called as a witness, Tijerina surprised the government and answered only two questions before refusing to testify further, despite a grant of immunity. He was then held in contempt. The two answers he did give were an admission that he drove the getaway car and an acknowledgement that he knew Clayton. Trice sought an instruction, part of which directed the jury to disregard all of Tijerina's testimony. Giving that instruction would have been error. The judge properly refused the instruction, but gave other instructions which, when taken together, cautioned the jury not to draw inferences from any unanswered questions nor from the fact that Tijerina, although charged in the indictment, did not appear as a defendant at the trial. Further, he would not allow the prosecutor to comment in his argument upon Tijerina's refusal to testify. In his discretion, the trial judge properly handled a difficult situation while allowing competent testimony into evidence.

[redacted] Finally, Trice argues that his Sixth Amendment rights were violated because he was not provided a transcript of the grand jury's proceedings. "This court has consistently, and recently, held that the recording of grand jury proceedings, at least in the absence of a prior request therefor, is permissive and not mandatory." United States v. Jackson, 448 F.2d 963, 971 (9th Cir. 1971), cert. denied, 405 U.S. 924, 92 S.Ct. 970, 30 L.Ed.2d 796 (1972).

Affirmed.