**UNITED STATES of America, Appellee,**

v.

**Sammy Lee LONG, Appellant.**

No. 75–1883.

United States Court of Appeals, Fourth Circuit.

Submitted Jan. 19, 1976.

Decided April 22, 1976.

Herbert W. Louthian, Charleston Heights, S. C., for appellant.

Thomas P. Simpson, Charleston, S. C., and Henry Herlong, Columbia, S. C., Asst. U. S. Attys., for appellee.

Before RUSSELL, FIELD and WIDENER, Circuit Judges.

PER CURIAM:

Sammy Lee Long was convicted of armed robbery of a savings and loan institution in violation of 18 U.S.C. §§ 2 & 2113(d). His claims on appeal center on the instructions the trial judge gave to the jury concerning the permissible inferences from proof of possession of recently stolen property. When he was arrested two days after the bank robbery, Long had in his possession several bills of "bait money" taken in the robbery. The trial judge gave instructions to the jury to the effect that proof of such possession, absent an explanation, allowed the jury to infer that Long had stolen the bills.

Long relies upon *Bollenbach v. United States,* 326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350 (1946), for the contention that it is improper to instruct a jury that guilt of theft can be presumed from possession of recently stolen property. While acknowledging this Court's decision in *Battaglia v. United States,* 4 Cir., 205 F.2d 824 (1953),

that guilt can be inferred from such possession, Long argues that the "inference" instruction is proper only when accompanied by a clarifying instruction to explain the operative legal differences between a presumption and an inference.

We do not agree. The contested instruction was clear in stating that the inference of guilt was permissive only and that the jury alone could decide whether the evidence warranted drawing the inference that the law permitted.[1] Moreover, the instructions given, insofar as they pertain to the permissibility of an inference, are very similar to those approved in *Barnes v. United States,* 412 U.S. 837, 840 n.3, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973).

There is likewise no merit to Long's second objection to those instructions. While conceding the wide acceptance of the principle that possession of recently stolen property permits an inference of theft, Long argues that the common-sense reasoning which supports the inference does not apply when the property in question is money. At trial, counsel argued that money is not so immediately identifiable that a casual possessor would have any warning that it was stolen. This characteristic of money does not take it out of the ambit of the common-sense principle, however, since many items of property are identifiable exactly only by serial number, as is money. On appeal, Long argues primarily that an individual is likely to have a number of bills of similar denominations on his person at a given time, and it is unreasonable to expect him to be able to explain how each individual bill happened to be in his pocket. This contention likewise is without merit, since it is not necessary to identify the source of each individual bill to explain satisfactorily how the total quantity came into possession.

Long offered to the police several different versions of the manner in which he came into possession of the sum of cash in his pocket at the time of his arrest. Any one of them could have been sufficient to dispel the inference of theft if it had been offered to the jury and found credible. Accordingly, we see no reason why the inference of guilt from unexplained possession should not apply to money as it does to other property. See, e. g., *United States v. Trice,* 476 F.2d 89 (9th Cir.), cert. denied, 414 U.S. 843, 94 S.Ct. 103, 38 L.Ed.2d 81 (1973); *United States v. Jones,* 418 F.2d 818, 828 (8th Cir. 1969) (Blackmun, J., dissenting).

We dispense with oral argument and affirm the judgment of the district court.

---

1. The instructions included the following:

The law also says that possession of property—property includes money—recently stolen, if not satisfactorily explained, is a circumstance from which the jury may reasonably draw the inference and find, in the light of surrounding circumstances, that the person in possession participated in some way in the theft of the property.

The law also says that the same inferences may reasonably be drawn from a false explanation of such possession.

. . . . .

It is the exclusive province of you, the jury, to determine whether the facts and circumstances shown by the evidence warrant any inference which the law permits a jury to draw from possession of recently stolen property.