337 So.2d 204 (1976)
STATE of Louisiana
v.
Billy HENDERSON and Frank Matthews.
No. 57651.
Supreme Court of Louisiana.
September 13, 1976.
*205 Maurice T. Hattier, Orleans Indigent Defender Program, New Orleans, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendants Henderson and Matthews were charged by grand jury indictment with distribution of heroin, in violation of La.R.S. 40:966(A). They pleaded not guilty but were found guilty as charged after a jury trial. They were sentenced to life imprisonment and appeal their convictions on the basis of two assignments of error.

ASSIGNMENT OF ERROR NO. 1
In this assignment, defendants complain that the trial court erred in refusing to grant their motion for a continuance made on the day of trial. According to the minutes in this case, Defendant Matthews was arraigned and pleaded not guilty on September 24, 1975. Defendant Henderson was arraigned on October 1, 1975 and also pleaded not guilty. The minutes indicate that the Orleans Indigent Defender Program was appointed to represent Henderson at the time of his arraignment. Nothing is contained in the minutes as to who was appointed to represent Matthews.
Trial was set for October 16, 1975. On October 10, an OIDP attorney filed a motion for bill of particulars on behalf of both defendants. Likewise, he filed a motion for a continuance on October 16, the date formerly set for trial, which motion was granted by the trial court, and trial was re-set for October 28. On October 28, defense counsel once again moved for a continuance grounded on two separate bases:
"* * * [T]he Orleans Indigent Defender Program was appointed to represent defendants; that Frank Matthews had obtained the Loyola Law Clinic to represent him; that not until October 21 did his attorney learn that Frank Matthews would be not represented by Loyola Law Clinic, that defendant Henderson as of October 27, 1975 gave me the names of Mrs. Nettie Smith and a Mr. Dantie who will testify as to defendants [sic] whereabouts as of that day and also witnesses Henry Lee, Delia Mae Smith and Sam Smith who will testify as to whether or not defendants had made any sales of heroin to Larry Taplin; * * *."
The trial judge refused the motion for a continuance, noting in his per curiam to this assignment of error that neither ground urged by defendants had merit.
There is no indication anywhere in the record that anyone other than the OIDP attorney was appointed to represent either defendant. The attorney filed a motion for bill of particulars on behalf of both defendants, and in his motions for continuances he stated that he was the "court appointed attorney for the defendants." It was not until the day of trial that defense counsel argued that the Loyola Law Clinic was supposed to have represented Matthews, and, as the trial judge's per curiam indicates, counsel gave no reason why it would be difficult or impossible for one attorney to represent both defendants.
We find from all the circumstances that defendant Matthews failed to demonstrate that the OIDP attorney was not prepared to present his defense or that he was unfairly prejudiced by the trial court's failure to grant his motion for a continuance.
*206 Likewise, we find no merit in the argument of defendant Henderson that a continuance should have been granted because of the absence of material witnesses who would have testified in his behalf. On the day before trial, Henderson gave his attorney a list of names of witnesses who would testify in his behalf. At the hearing on the motion for continuance, the State called an agent of the United States Department of Justice Drug Enforcement Administration and an officer of the New Orleans Police Department, both of whom testified that they had attempted extensively and unsuccessfully to locate three of the persons sought by defendant as witnesses. They indicated that they did not know of the other two witnesses sought. An instanter subpoena was issued for the witnesses, and one of them appeared to testify on behalf of defendant.
La.Code of Criminal Procedure article 709 provides:
"A motion for a continuance based upon the absence of a witness must state:
"(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
"(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
"(3) Facts showing due diligence used in an effort to procure attendance of the witness."
It is clear that defendant did not satisfy the requirements established by this article in order to obtain a continuance based upon the absence of a witness. No facts were shown revealing due diligence on behalf of defendant to obtain the witnesses, nor was there any indication that the witnesses would likely be available at any time to which trial could be deferred.
For the foregoing reasons, we find that there is no merit in defendant's argument that a continuance should have been granted because of absent witnesses. This assignment has no merit.

ASSIGNMENTS OF ERROR NOS. 2 and 3
Defendants objected to the introduction of State Exhibits 1 and 2, and assigned as error the trial court's refusal to sustain their objection. S-1 is the brown evidence envelope into which S-2, the three foil packets containing heroin allegedly sold by the defendants, was placed by police officers.
Demonstrative evidence is admissible at trial if the evidence establishes that it is more probable than not that the evidence is related to the case. This probability may be established by visual identification of witnesses or by establishing chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it is offered in evidence. Ultimately, the connexity of physical evidence is a factual matter for determination by the jury. State v. White, 321 So.2d 491 (La.1975); State v. Dotson, 260 La. 471, 256 So.2d 594 (1972).
In the instant case, the State offered the testimony of the officer who purchased the heroin from the defendants, of the officers who brought the evidence to be tested, and of the criminalist who tested the contents of the three foil packets. The trial court properly found that the evidence was more than likely that related to the case on the basis both of visual identification and chain of custody. The judge did not err in allowing the evidence to be admitted.
These assignments of error are without merit.
For the reasons assigned, defendants' convictions and sentences are affirmed.