989 F.2d 508
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jack Clair PIXLEY, Defendant-Appellant.
 No. 91-8075.
 United States Court of Appeals, Tenth Circuit.
 March 1, 1993.
 
 Before McKAY, Chief Judge, McWILLIAMS, Senior Circuit Judge, and SAFFELS, Senior District Judge.*
 ORDER AND JUDGMENT**
 McWILLIAMS, Senior Circuit Judge.
 
 
 1
 In a one count indictment, Jack Clair Pixley was charged with the unlawful possession of a firearm, namely a Hawes Sauer Western Marshal .44 magnum caliber revolver, which had previously affected interstate commerce, after he had been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Prior to trial, Pixley stipulated that in August, 1985, he had been convicted of an offense punishable by imprisonment for more than one year and that the firearm he allegedly possessed affected interstate commerce.
 
 
 2
 A jury convicted Pixley of the crime charged and he was sentenced to imprisonment for a term of 34 months, to be followed by a three-year period of supervised release, plus a special assessment of $50. Pixley appeals his conviction and the sentence imposed thereon. The only issue raised on appeal is the sufficiency of the evidence. In this regard, counsel asserts that the evidence is insufficient to show that Pixley ever "possessed" the firearm in question. We disagree and therefore affirm. A brief recital of the evidence adduced at trial will put this issue in focus.
 
 
 3
 The evidence adduced at trial was not greatly disputed, although the parties draw different conclusions therefrom. Pixley testified in his own behalf, and the gist of his testimony was that he knew that as a convicted felon he could not lawfully possess any firearm that had traveled in interstate commerce, and that, accordingly, he had very carefully avoided "possessing" the firearm here in question. Pixley testified that at no time did he ever physically touch the firearm here involved. Counsel contends that, such being the case, Pixley could not have "possessed" the firearm within the meaning of 18 U.S.C. § 922(g)(1). Such is not our understanding of § 922(g)(1).
 
 
 4
 In March, 1991, Pixley and one Jim Albertson were both employed by the Laramie County Community College in Cheyenne, Wyoming, in the maintenance shop. Albertson learned that Pixley wanted to purchase a motor vehicle to take him to and from work and offered to sell Pixley his Ford van for $800. Pixley wanted to buy the van, but did not have $800. It was agreed that if Pixley could find some item of personal property which could be used as a down payment, the balance could be paid off at $100 per month.
 
 
 5
 Pixley explained his efforts to purchase Albertson's van to his live-in companion, and she remarked that a friend of theirs who had stayed with them for a few days had left with her a .44 magnum revolver in exchange for the hospitality he had received. Pixley's companion testified that until she informed him, Pixley did not know of the presence of the revolver in their residence. Pixley testified that when he learned of the revolver, his reaction was, "Let's trade it in for the van."
 
 
 6
 The following morning, Pixley was picked up by a fellow employee, Rodger Oliver, who gave him a ride to work. Apparently it was agreed that Pixley would not carry the revolver to the car. In any event, it is undisputed that Oliver, whether he volunteered or was asked, carried the revolver from Pixley's residence to Oliver's automobile. The two then drove to their place of employment, with the revolver on the console between Oliver and Pixley. Upon arriving at the college, Oliver carried the revolver from his vehicle to the maintenance shop, where Albertson worked, and placed it on a worktable, saying, "This is from Jack Pixley."[1]
 
 
 7
 Thereafter, Pixley went to Albertson's work station where, after some discussion, Albertson agreed to accept the revolver as down payment on the van. The revolver lay on the worktable between the two as they then negotiated the price to be assigned the revolver. At that time and place, Albertson and Pixley agreed to credit Pixley with $165 toward the $800 purchase price, whereupon Albertson picked up the revolver and Pixley signed a written contract to pay the remainder of the purchase price of the van.
 
 
 8
 As indicated, Pixley testified that he never physically touched the revolver, and the government's evidence did not show any physical touching. Accordingly, counsel's argument is, as indicated, that since Pixley never physically touched the revolver he could not be guilty of "possessing" the weapon. Such, however, is not the law.
 
 
 9
 For the purposes of 18 U.S.C. § 922(g)(1), a defendant "possesses" a firearm if he has either actual or constructive possession of the firearm. Actual possession of a firearm occurs when the person has physical control over it. Constructive possession of a firearm occurs when a person has the power to exercise dominion and control over it. Evidence of possession, be it actual or constructive, may be either direct or circumstantial, or both, and possession may be individually or jointly with another. United States v. Wright, 932 F.2d 868, 881 (10th Cir.), cert. denied, 112 S.Ct. 428, and cert. denied, sub nom. Kirby v. United States, 112 S.Ct. 450 (1991); and United States v. McCoy, 781 F.2d 168, 171 (10th Cir.1985); United States v. Zink, 612 F.2d 511, 516 (10th Cir.1980).
 
 
 10
 We believe that the evidence when viewed in the light most favorable to the government shows actual possession of the revolver by Pixley, but, at the very least, the evidence clearly shows constructive possession. Indeed, Pixley's testimony is itself sufficient to show actual possession, as well as constructive possession, and that such possession occurred in the Pixley residence, in the Oliver vehicle as he and Pixley drove to work, and as the revolver lay on Albertson's worktable as Albertson and Pixley negotiated the price to be assigned the revolver.
 
 
 11
 Judgment affirmed.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 There apparently was some discussion between Oliver and Pixley while they were driving to work to the effect that Pixley might get "into trouble" if he took the firearm onto the premises