UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4004

JAMES LAMONT JOHNSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-98-137)

Submitted: August 31, 1999

Decided: September 20, 1999

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assis-
tant Federal Public Defender, Greensboro, North Carolina, for Appel-
lant. Walter C. Holton, Jr., United States Attorney, Paul A. Weinman,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury found James Lamont Johnson guilty of bank robbery, bank robbery by use of a dangerous weapon, and using and carrying a firearm during a crime of violence. On appeal, Johnson argues that (1) the evidence was insufficient to sustain his convictions and (2) the district court erred by permitting the Government to refresh the recollection of its witnesses. Finding no error, we affirm.

I.

On May 21, 1996, a black male, wearing a ski mask and latex gloves, entered a First Citizens Bank in Rural Hall, North Carolina, and stole over $100,000. The tellers described the robber as a black male with graying hair. He was wearing latex gloves and described as being in his forties or fifties. Bank surveillance photographs showed the robber carrying a handgun in his left hand as he approached the teller stations. Bait money and a dye pack were included with the money given to the robber from the teller stations. The dye pack was designed to explode and cover the stolen money with a red dye.

Johnson is a black man with gray hair, who is left-handed and was the approximate age described. When Johnson was arrested, latex gloves were found in his pants pocket, and handgun ammunition was found in his residence.

On May 24, 1996, Barbara Jones, Johnson's sister, purchased two money orders for $250 each from a Handy Pantry and paid for the money orders with twenty-five $20 bills that had red stains on them. After the receipts of the Handy Pantry were deposited at Nations-Bank, the bank staff notified the FBI of the red stains. The FBI deter-

2

mined that a bait bill from the robbery was included among Handy Pantry's deposit receipts.

Jones testified that Johnson had given her the money she used to buy the money orders. Jones also testified that she had purchased money orders at several other convenience stores on May 24, accompanied by and at the suggestion of Johnson. A search of Jones's residence revealed two $20 bills with red stains in her purse.

On June 10, 1996, Dorothy Williams, Johnson's girlfriend, purchased several money orders at a food store. The cash used to purchase the orders was stained pink and red.

In August 1996, Salisa Johnson, Johnson's niece, spent around $800 in cash at two stores in Winston-Salem. The money was covered with red stains and also appeared to have been washed. Salisa testified at trial that Johnson had given her $2000 in May 1996 that had red stains on it and that she used this money in August to make the purchases described.

Both Jones and Salisa testified in front of the grand jury and at trial under immunity agreements. Both were represented by attorneys, partially paid for by Johnson.

II.

Johnson first contends that the evidence was insufficient to support his robbery convictions. The jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). The crux of the Government's case was Jones's and Salisa's testimony that they received red-stained money from Johnson. Johnson contends that corroborating evidence is required to substantiate and support the inference of guilt of robbery from possession of recently stolen property. See United States v. Jones, 418 F.2d 818, 827 (8th Cir. 1969) (the inference from recent possession of stolen property must in some way be corroborated by other circumstantial factors as to the crime charged in order to sustain a finding of sufficiency of evidence).

3

We have recognized that a jury may permissibly draw an inference of guilt of robbery from the unexplained possession of recently stolen money. See United States v. Long, 538 F.2d 580, 581 (4th Cir. 1976). Moreover, the following facts were developed to corroborate the inference of Johnson's guilt of robbery from his possession of the stolen money. Johnson encouraged Jones to purchase money orders with the cash at several different stores. Then, when Jones was arrested, Johnson paid a portion of the attorney's fees. Johnson also paid the majority of Salisa's attorney's fees when she testified before the grand jury. In addition, Johnson's girlfriend was identified as having purchased money orders with red-stained money within a month of the robbery. Finally, Johnson fit the general description of the robber, was left-handed like the robber, and when he was arrested, he was found in possession of latex gloves and handgun ammunition. In addition, there was no evidence excluding Johnson as the robber.

Viewing this evidence in the light most favorable to the Government, we conclude that substantial evidence supported Johnson's convictions for robbery. We will not disturb the jury's verdict.

III.

Johnson next contends that the Government failed to prove that the object carried by the robber was capable of "expelling a projectile by an explosive action." Absent such proof, Johnson asserts that the evidence was insufficient to support his firearm conviction.

A conviction under 18 U.S.C.A. § 924(c) (West Supp. 1999) can be sustained solely on the strength of testimony of lay witnesses unfamiliar with firearms. See United States v. Jones , 907 F.2d 456, 460 (4th Cir. 1990). No expert testimony is needed. See id. In this case, three bank employees testified that Johnson used a gun, and a gun appears in the bank surveillance photographs. Thus, substantial evidence supports Johnson's use of a firearm during the commission of the robbery. See United States v. Redd, 161 F.3d 793, 797 (4th Cir. 1998), cert. denied, 119 S. Ct. 1371 (1999).

IV.

Next, Johnson asserts that the district court erred in allowing the Government to use grand jury transcripts to refresh Jones's and Sali-

4

sa's recollections. According to Johnson, the numerous times that this was done resulted in the substitution of the grand jury testimony for the actual testimony of the witnesses.

Grand jury testimony may properly be used for the purpose of refreshing the recollection of a witness. See United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 233 (1940). The use of such testimony for this purpose rests in the sound discretion of the trial judge. See id.

Jones and Salisa testified that they had difficulty remembering many relevant facts. After being shown their grand jury testimony, they stated that their recollections had, indeed, been refreshed. In fact, defense counsel used the same strategy to refresh the recollections of these witnesses on cross-examination. The grand jury testimony was not entered into evidence or read to the jury. It was merely shown to the witnesses, who were free to testify that it did not refresh their recollections. Instead, they testified that the grand jury testimony had aided their memory as to what had happened in the instant case. Furthermore, defense counsel cross-examined the witnesses as to the unreliability of their memories. This procedure was proper and did not result in the improper admission of grand jury testimony.

V.

Based on the foregoing, we affirm Johnson's convictions. We deny Johnson's motion to file a supplemental brief, because the claims raised therein are either duplicative or frivolous. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED

5