**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 26 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JAMES ROY SODER, a/k/a Howard
Clark, a/k/a James Bilal Ali,

     Defendant - Appellant.

No. 01-5040
(D.C. No. 99-CR-136-C)
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

James Roy Soder appeals his convictions for conspiracy to use

identification documents to defraud, in violation of 18 U.S.C. § 371, and for

possession of identification documents, in violation of 18 U.S.C. § 1028(a)(3).

The district court sentenced Soder to two concurrent twenty-one-month prison

terms and two concurrent three-year supervised release terms. The court also

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The Court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

imposed a $1000 fine and a $200 Special Monetary Assessment.  Soder contends

that the district court erred in denying his motion for judgment of acquittal, in

which he argued there was insufficient evidence to support his conviction.  We

have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we

affirm.

## I

On February 3, 1999, Soder and Renee Johnson obtained driver's licenses

in the names of Howard Clark and Corr Kellene Harris from the same tag agency

in Tulsa, Oklahoma.  On February 4, Johnson and a female companion rented

rooms 325 and 327 at the Fairfield Inn in Tulsa using a fraudulent check in the

name of Corr Kellene Harris.  On February 5, a housekeeper at the Fairfield Inn

discovered a large number of checks made out to various businesses and four

birth certificates for four individuals with different dates of birth in room 325.

The housekeeper took the checks to her supervisor, who contacted the Tulsa

Police Department and reported possible check fraud.  Law enforcement officers

arrived at the Fairfield Inn and set up surveillance.  They noticed a U-Haul truck

in the parking lot and upon investigation learned that it had been rented by

Johnson using a fraudulent check under the name Corr Kellene Harris.

Later that day Soder arrived at the Fairfield Inn in a green pick-up truck,

entered the U-Haul truck parked in the parking lot, and drove to a Maytag

appliance store. Johnson arrived separately at the Maytag store in the green pick-up truck. Detectives observed both Soder and Johnson enter the store. Johnson approached a clerk and prepared to purchase a washer and dryer with a check on the account of Corr Kellene Harris. The clerk wanted to hold the check until it cleared, so Johnson offered to call her bank to verify the check. When she placed the call a detective observed Soder step outside of the store and answer his cell phone. Johnson was unable to obtain bank approval so the clerk offered to have the washer and dryer delivered the following Monday. Johnson was not interested in that arrangement so she took the check out of the clerk's hand and left the store, as did Soder. They returned to their respective vehicles and exited the parking lot.

Soder and Johnson were pulled over by law enforcement officers and arrested. The arresting officers obtained the following items from Johnson upon her arrest: a driver's license in the name of Corr Kellene Harris, a check payable to Maytag, and a receipt for the washer and dryer that Johnson had attempted to purchase. Officers also found receipts and additional fraudulent checks in the green pick-up truck. Upon Soder's arrest, law enforcement officers discovered in his possession a driver's license in the name of Howard Clark, a piece of paper

with notations regarding Ohio Vital Records,[1] and an entry key for room 325 of the Fairfield Inn.[2]

## II

In reviewing a motion for judgment of acquittal based on sufficiency of the evidence, we review the evidence in the light most favorable to the government and decide if a rational jury could have found the defendant guilty beyond a reasonable doubt. United States v. Pretty, 98 F.3d 1213, 1217 (10th Cir. 1996). To prove conspiracy under 18 U.S.C. § 371, the government must prove "(1) an agreement; (2) to break the law; (3) an overt act; (4) the purpose of which is to further the object of the conspiracy; and (5) that the defendant entered the conspiracy wilfully." United States v. Davis, 965 F.2d 804, 811–12 (10th Cir. 1992). Circumstantial evidence is sufficient to prove a conspiracy. Pretty, 98 F.3d at 1218.

Soder argues there was insufficient evidence to demonstrate an agreement between himself and Johnson to break the law. He contends the government has only established that he was present when Johnson committed or attempted to

---

[1] The birth certificates discovered in room 325 of the Fairfield Inn were issued by Ohio Vital Records.

[2] During cross-examination of the officer that testified to this fact, Soder's lawyer suggested that the entry key was actually found in Johnson's purse when she emptied its contents on a table at the Tulsa Police Department. The officer then admitted that he was not absolutely certain that the entry key was found in Soder's wallet.

commit check fraud. However, the government's evidence established more. There was evidence that Soder and Johnson obtained fraudulent driver's licenses on the same day from the same tag agency, and that the driver's license Johnson acquired was used to pass fraudulent checks. Law enforcement officers found a note on Soder with notations regarding Ohio Vital Records, and birth certificates from Ohio Vital Records were found in Johnson's hotel room. Finally, Soder was present at the Maytag appliance store when Johnson attempted to purchase a washer and dryer with a fraudulent check. The combination of circumstantial and direct evidence presented in this case could lead a rational jury to conclude beyond a reasonable doubt that Soder and Johnson agreed to work together to obtain goods with fraudulent checks, that they entered the Maytag appliance store to purchase a washer and dryer with a fraudulent check, and that Soder's participation was wilful.

The government also presented sufficient evidence for a rational jury to find Soder guilty beyond a reasonable doubt of possession of identification documents in violation of 18 U.S.C. § 1028(a)(3) (prohibiting knowing possession with intent to use unlawfully five or more false identification documents). As the jury instructions noted, the jury could find Soder guilty of violating 18 U.S.C. § 1028(a)(3) if it found that Soder, either alone or jointly, had actual or constructive possession of five or more identification documents. See, e.g.,

United States v. Zink, 612 F.2d 511, 516 n.1 (10th Cir. 1980) (noting that a jury instruction on actual or constructive possession that was nearly identical to the one used in the present case is a "stock instruction . . . which has been affirmed many times"). Constructive possession occurs when a person knowingly has the power and the intention to exercise dominion or control over an item either directly or through another person. Id.

The evidence presented at trial showed that four birth certificates from Ohio Vital Records were found in room 325 of the Fairfield Inn, which was rented by Johnson. Soder was seen at the Fairfield Inn picking up the U-Haul truck and evidence was presented that law enforcement officers found in his possession an entry key for room 325 at the Fairfield Inn and a piece of paper with notations regarding Ohio Vital Records. Based on this evidence the jury could reasonably have determined that Soder jointly possessed the four birth certificates with Johnson. This, in addition to evidence that Soder had a driver's license in the name of Howard Clark and that he and Johnson had conspired to purchase goods with false checks, could lead a rational jury to conclude that Soder possessed, with intent to use unlawfully, five false identification documents.

We conclude that the trial court did not err in denying Soder's motion for judgment of acquittal because there was sufficient evidence to support his convictions.

## III

Accordingly, the judgment of the district court is **AFFIRMED**.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge