**William Lander BELL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21467.**

United States Court of Appeals
Ninth Circuit.

Sept. 6, 1967.

John C. Schaller, San Francisco, Cal., for appellant.

Joseph L. Ward, U. S. Atty., Robert S. Linnell, Michael DeFeo, Asst. U. S. Attys., Las Vegas, Nev., for appellee.

Before JOHNSEN,* BARNES, and ELY, Circuit Judges.

ELY, Circuit Judge:

Appellant was charged by indictment with having unlawfully transported a stolen motor vehicle in interstate commerce. 18 U.S.C. § 2312. He appeals after having been convicted in a jury trial and committed under the provisions of the Federal Youth Corrections Act, 18 U.S.C. §§ 5005-5026. Insofar as they are material to the issues presented here, the facts are as follows:

The Police Department of Las Vegas, Nevada, had been informed that a fugitive suspected of robbery in California would be driving a 1966 Chevrolet Corvette automobile, yellow in color and bearing California license plates. The particular model of the vehicle was identified as a "Stingray." Thereafter, at 2:10 o'clock in the early morning of September 17, 1966, at a street intersection in Las Vegas, Nevada, a vehicle of the above description was observed by Officer Goetzke of the Las Vegas Police Department. The officer stopped the vehicle and, after questioning appellant, took him into custody and caused the automobile to be impounded. The appellant remained in the custody of the Las Vegas police for about two and one-half days and was then interviewed by Agent Howerton of the Federal Bureau of Investigation. Howerton, who had previously identified the automobile in which appellant was found as a vehicle which had been stolen in Pensacola, Florida, made inquiry of appellant as to whether or not he was able to read. Receiving an affirmative answer, he presented appellant with a document containing all of the warnings and advice required under Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). After the appellant had signed the document, he told Agent Howerton that his, appellant's, mother had purchased the automobile for him and that he had driven it from Pensacola to Las Vegas. Over appellant's objection, Agent Howerton testified to this statement during the trial.

■■ Officer Goetzke appeared as a witness for the prosecution, and after he testified that he had stopped the automobile and observed the appellant therein, defense counsel addressed a request to the district judge, as follows: "If the Court please. May I inquire on *voir dire* with respect to the stopping of the vehicle before we leave the subject?" The judge replied, "It is not an appropriate inquiry for *voir dire*. That is cross-examination." It is strenuously urged that this ruling was prejudicially erroneous. It is said in appellant's brief, "Not wanting to implant the testimony in the jury's mind, and not having the opportunity to examine Officer Goetzke outside the hearing of the jury as he desired, counsel for defendant did not go into cross-examination." It is contended that the district judge, upon being presented with the quoted request, should have been aware that appellant desired to elicit facts which would justify objection on constitutional grounds, should have excused the jury so that defense counsel might examine the officer in the jury's absence, and should have treated the request as a motion to suppress evidence. We cannot accept these farfetched views. If trial counsel desired to do what it is now represented that he wished to do, he should have made the judge aware of his intention. He did not request that the jury be excused, and he did not inform the judge of any reason why he wished to "inquire on *voir dire*." Classically, the purpose of *voir dire* examination is to test the competency of a witness, see 2 Wigmore, Evidence § 485 (3d ed. 1940), and it is not suggested that Officer Goetzke was incompetent. Prior to the trial, there had been no motion to suppress evidence as required by Rule 41(e),

---

* Senior Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

Federal Rules of Criminal Procedure. Although some may believe that judges ought to be endowed with prescient powers, none has yet suggested that they must be mind readers.

Moreover, assuming that the obscure request should have been treated as a motion to suppress, there was nothing in Officer Goetzke's testimony which should have been suppressed. Essentially, he testified to nothing more than that he stopped the automobile and observed the appellant therein. If there is a question as to whether or not there existed probable cause for the stopping of the automobile, it was impliedly resolved in favor of the Government. Appellant's presence in the vehicle might have been observed even had the machine not been brought to a halt. See Smayda v. United States, 352 F.2d 251 (9th Cir. 1965), cert. denied, 382 U.S. 981, 86 S.Ct. 555, 15 L.Ed.2d 471 (1966).

It is urged that Agent Howerton's testimony pertaining to appellant's declaration should have been excluded for two reasons. The first is that Agent Howerton was obliged to advise appellant of his *Miranda* rights orally and not in writing. This is absurd. If appellant read and understood the written advice, then he acquired knowledge of his rights in a very satisfactory and most unimpeachable way. There is no requirement as to the precise manner in which police communicate the required warnings to one suspected of crime. The requirement is that the police fully advise such a person of his rights, and appellant made no showing that he did not read or understand the written warnings which were presented to him. As his second reason for alleged error in the receiving of Agent Howerton's testimony, appellant advances the proposition that the Government should have been required to establish, as a prerequisite, that the advice required by *Miranda* was given to appellant immediately upon his arrest. Federal officers are not accountable for the actions of local police until they begin to operate in concert with the local police. Here, the prosecution offered no evidence of any declaration or act of appellant which he made or committed from the time he was taken into custody by the local police until he was interviewed by the federal agent. We have already noted that the federal officer very carefully and responsibly met existing legal requirements before he received the declaration which was sought to be excluded.

Affirmed.