**UNITED STATES of America, Appellee,**

v.

**Herbert Arthur OSTERBURG, Appellant.**

**No. 24712.**

United States Court of Appeals, Ninth Circuit.

Feb. 24, 1970.

Certiorari Denied June 22, 1970.

See 90 S.Ct. 2216.

Michael Walsh (argued), George W. Hunt, Federal Defenders, San Diego, Cal., for appellant.

Warren Reese (argued), Phillip W. Johnson, Asst. U. S. Attys., Harry D. Steward, San Diego, Cal., for appellee.

Before, CHAMBERS and ELY, Circuit Judges, and FERGUSON,* District Judge.

ELY, Circuit Judge.

Osterburg appeals his conviction for having smuggled and concealed narcotics in violation of 21 U.S.C. §§ 173, 174. He argues that certain oral statements which he made to police officers should

---

* Honorable Warren J. Ferguson, United States District Judge, Central District of California, sitting by designation.

have been excluded from evidence upon the authority of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Osterburg drove a vehicle across the American-Mexican border at approximately 9 p.m. on September 18, 1969. American border officials searched the vehicle and, under the back seat, discovered approximately one pound of heroin. Osterburg was arrested and questioned, but he declared nothing incriminatory at that time. At approximately 10:50 p.m. he was presented with a written document that advised him of his rights in the terms of the *Miranda* requirements. While the document was not read to Osterburg, one of the two interrogating officers testified that he asked Osterburg if he understood the warning and that Osterburg replied that he did. Osterburg does not dispute this testimony, but he claims that he requested an attorney at this time. The testimony of the officers was somewhat equivocal as to this alleged request, but one officer testified that he did not recall that any such request was made. In any event, no incriminating statements were made during the interrogation that immediately followed.

■ Around midnight of the same evening, approximately one hour and fifteen minutes after the *Miranda* warnings were shown to Osterburg, he was transported from the border station to the jail at San Diego, California. During the ride to the jail, in response to "light-hearted, bantering" conversation, Osterburg made statements that could have been considered incriminating.

The admissibility of these statements is challenged, first on the argument that a knowing and intelligent waiver of his rights could not be shown without Osterburg's written acknowledgment of his understanding of his rights. The district judge, however, found as a fact that Osterburg did make the statements with full and intelligent knowledge of his rights.[1] In Bell v. United States, 382 F.2d 985 (9th Cir. 1967), we wrote: "There is no requirement as to the precise manner in which police communicate the required warnings to one suspected of crime. The requirement is that the police fully advise such a person of his rights * * *." *Id.* at 987. We agree that uncertainty might have been avoided had the border officials followed the practice of obtaining the suspect's written acknowledgment of his understanding of his rights. Such, however, is not always required, and there is substantial evidence supporting the District Court's determination of the critical factual issue.

■ Osterburg also contends that he should have been readvised of his rights at some time before he made the statements during the journey from the border to San Diego. There is no merit to this contention. Miller v. United States, 396 F.2d 492 (8th Cir. 1968); Maguire v. United States, 396 F.2d 327 (9th Cir. 1968). We also reject the suggestion that the statements were induced by trickery or "subtle coercion" on the part of the interrogating officers. There is no substantial evidence to support such a conclusion.

Affirmed.

---

1. This determination followed a hearing conducted outside the presence of the jury. *Compare* Sigler v. Parker, 396 U.S. 482, 90 S.Ct. 667, 24 L.Ed.2d 672, (Jan. 26, 1970). *Compare* also Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). Subsequently, the jury was advised that any evidence relating to alleged incriminating oral statements of the accused "should be considered with caution and weighed with great care." The jury was also instructed,
"The very nature of an admission made outside of Court requires that the circumstances surrounding it be subjected to careful scrutiny in order to determine surely whether it was voluntarily and understandingly made. If the evidence does not convince beyond all reasonable doubt that an admission was made voluntarily and understandingly, the jury should disregard it entirely."
Thus, Osterburg's factual claims concerning the statements were considered by both judge and jury, and they were rejected by each.