### UNITED STATES of America
### v.
### Kasper ALEXANDER, Robert Jones, Milford Davis,
### Milford Davis, Appellant.
### No. 18422.

United States Court of Appeals, Third Circuit.

Argued March 18, 1971.

Decided April 7, 1971.

Avrom J. Gold, Newark, N. J. (Mandelbaum, Mandelbaum & Gold, Newark, N. J., on the brief), for appellant.

James D. Fornari, Asst. U. S. Atty., Newark, N. J. (Frederick B. Lacey, U. S. Atty., Newark, N. J., on the brief), for appellee.

Before BIGGS, KALODNER and ADAMS, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

The appellant was indicted, tried, and convicted by a jury of armed bank robbery in violation of 18 U.S.C. § 2113(a) and of putting in jeopardy the lives of several persons while committing a bank robbery in violation of 18 U.S.C. § 2113 (d). During the trial, the Assistant United States Attorney sought to introduce through two FBI agents, Genakos and Diggs, the oral statement of the appellant to the agents "that this was the only bank robbery he had been involved in." A Jackson v. Denno [1] hearing was held in the absence of the jury to determine whether appellant voluntarily and knowingly waived his privilege against self-incrimination. Genakos and Diggs both testified that they presented Davis with a warning and waiver document which set forth the warnings required by the United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966), a statement that the signer has read and understands his rights, and a waiver of these rights. The agents further testified that they went over the warnings and waiver with Davis and asked him whether he understood them. After indicating that he understood his rights and signing the waiver form, he made

1.  378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1963).

the statement referred to above. After making that statement Davis refused to say anything further concerning the robbery and requested an attorney. Over objection by Davis' counsel, the trial judge allowed the prosecution to introduce the statement in evidence before the jury.

Davis concedes that the FBI agents were not obliged to advise him orally of his *Miranda* rights in contradistinction to so advising him in writing. United States v. Osterburg, 423 F.2d 704 (9 Cir. 1970), cert. denied, 399 U.S. 914, 90 S.Ct. 2166, 26 L.Ed.2d 571 (1970); United States v. Van Dusen, 431 F.2d 1278, 1286 (1 Cir. 1970); United States v. Johnson, 426 F.2d 1112, 1115 (7 Cir. 1970); Bell v. United States, 382 F.2d 985, 987, (9 Cir. 1967), cert. denied, 390 U.S. 965, 88 S.Ct. 1070, 19 L.Ed.2d 1165 (1968); United States v. Bird, 293 F. Supp. 1265 (D.Mont.1968). As was so well stated in *Bell, supra*, 382 F.2d at 987: "There is no requirement as to the precise manner in which police communicate the required [*Miranda*] warnings to one suspected of crime. The requirement is that the police fully advise such a person of his rights, and appellant made no showing that he did not read or understand the written warnings which were presented to him."

Davis contends, however, that his immediate request for an attorney shortly after signing the waiver and making the inculpatory statement demonstrates "that he always wanted an attorney, [that he] misunderstood the nature of the waiver," and that he "made [the statement] in ignorance of his rights and in violation of his right to counsel." He further maintains that we should adopt the following prophylactic rule: After a *Miranda* warning is given and the accused signs a waiver of his rights, if the accused during the course of an in-custody interrogation answers some questions but then refuses to continue and demands an attorney, the entire interrogation cannot be considered to have been the result of a voluntary and intelligent waiver and the accused must be considered as having refused to waive his rights *nunc pro tunc*. We shall not adopt such a rule and we do not pass upon the issue of whether such a rule conceivably might be desirable for here the trial court has determined on the basis of substantial evidence that the appellant knowingly and voluntarily waived his rights prior to making a confession. The fact that Davis refused to make any further statements after making the confession is consistent with such a knowing and voluntary waiver.

The instant case is clearly distinguishable from Frazier v. United States, 136 U.S.App.D.C. 180, 419 F.2d 1161 (1969), where, after making a purported waiver, the accused objected to the officer taking notes on his confession. In that case the court felt that the accused's objection was strong evidence that he never knowingly and intelligently waived his rights. The court remanded the case for an evidentiary hearing and findings on the validity of the purported waiver. In the instant case, there is no evidence in the record demonstrating that Davis' waiver was unknowing or involuntary. His subsequent refusal to answer further questions in fact manifests Davis' understanding of his rights, for one of the enumerated rights appearing on the warning and waiver document informs an accused that he has the right to stop answering questions at any time.

We thank our court-appointed counsel for his able prosecution of his client's claim.

The judgment will be affirmed.