**GOVERNMENT OF THE VIRGIN ISLANDS**

v.

**ROOSEVELT MALONE, Appellant**

No. 71-1124

United States Court of Appeals

Third Circuit

Submitted January 24, 1972

Decided February 10, 1972

THOMAS ALKON, ESQ., Christiansted, St. Croix, V.I., *for appellant*

JOEL SACKS, ESQ., United States Attorney, St. Thomas, V.I. *for appellee*

Before SEITZ, *Chief Judge*, ALDISERT and GIBBONS, *Circuit Judges*

OPINION OF THE COURT

PER CURIAM:

The jury below found appellant to be one of three men who abducted and assaulted a young woman and convicted appellant of rape, kidnapping and grand larceny. Appellant urges two main points for reversal.

First, appellant claims that the introduction into evidence of a confession he made violated his Fifth Amendment rights against self-incrimination. Appellant was arrested on the morning of May 30, 1969 and brought to the local police station. He was held there all day without being questioned and without being given the Miranda warnings. Miranda v. Arizona, 384 U.S. 436 (1966). In the early evening the chief of detectives conducted an hour-long interrogation of appellant on criminal incidents unrelated to the instant charges. The chief of detectives did not warn appellant of his Miranda rights. After this interrogation appellant was turned over to other law enforcement officers. They gave appellant a Miranda warning at about 8:10 p.m., just prior to questioning him, and at 8:16 p.m. appellant signed the confession to the instant charges of rape, kidnapping and grand larceny.

■ Appellant, relying on Westover v. United States, 384 U.S. 436, 494 (1966) (decided together with Miranda v. Arizona, supra), argues that he was entitled to a Miranda warning when he was first taken into custody, and that the subsequent confession is inadmissible because tainted by the pre-warning police custody.

The district court found as a fact that there was no mistreatment, etc. of defendant. Therefore whatever burden the prosecution had in this situation we think was fairly discharged. See, e.g., United States v. Knight, 395 F.2d

971 (2nd Cir. 1968), cert. denied, 395 U.S. 930, Nobles v. United States, 391 F.2d 602 (5th Cir. 1968), Bell v. United States, 382 F.2d 985 (9th Cir. 1967), cert. denied, 390 U.S. 965. This is not a case in which the accused has first made a confession without receiving a Miranda warning and then, after a subsequent Miranda warning, made a second confession which the prosecution attempts to use in court. See, e.g., Harney v. United States, 407 F.2d 586 (5th Cir. 1969), United States v. Pierce, 397 F.2d 128 (4th Cir. 1968).

■ The second contention made by appellant is that the voir dire examination of the prospective jurors inadequately afforded a basis for determining whether the jurors were impartially disposed toward the planned defense strategy of claiming that the confession appellant made was a false one. The trial judge propounded a single question to the jurors as a group, inquiring whether any one of them would not give serious consideration to the possibility that an accused might make a false confession. No juror indicated that he would not seriously consider such a claim. Appellant relies on cases like Silverthorne v. United States, 400 F.2d 627 (9th Cir. 1968) and United States ex rel. Bloeth v. Denno, 313 F.2d 364 (2nd Cir. 1963), cert. denied, 372 U.S. 978 (1963). But in those cases the critical factor was the existence of substantial pre-trial publicity and the inevitable effect such publicity would have had on the minds of all prospective jurors. The principles of the pre-trial publicity cases therefore have no application to this case.

Appellant's other contention is without merit.

The judgment of the district court will be affirmed.