UNITED STATES of America, Appellee,

v.

James SLEDGE, Jr., Appellant.

No. 76–1813.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 12, 1976.

Decided Jan. 6, 1977.

Certiorari Denied Feb. 28, 1977.
See 97 S.Ct. 1185.

---

---

Malcolm Parks, III, Williamsburg, Va. (Scoggin & Rutherford, Hampton, Va., on brief), for appellant.

Michael A. Rhine, Asst. U. S. Atty., Norfolk, Va. (William B. Cummings, U. S. Atty., Alexandria, Va., on brief), for appellee.

Before WINTER, Circuit Judge, FIELD, Senior Circuit Judge, and HALL, Circuit Judge.

**PER CURIAM:**

The defendant, James Sledge, Jr., was charged in a two-count indictment with armed bank robbery, 18 U.S.C. § 2113(a), (d), and with carrying a firearm during the commission of a felony, 18 U.S.C. § 924(c). Tried before the court, the defendant was found guilty of the armed robbery count. The firearm count was dismissed. He was sentenced and appeals setting forth three grounds of error which we find to be meritless, and affirm.

The defendant first contends that the motion to suppress certain post arrest inculpatory statements should have been granted because the statements given were not shown to be voluntary and because he was not given the warnings required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), verbally.

On April 19, 1976, a national bank in Newport News, Virginia, was robbed by a lone gunman. The defendant was arrested by the Metropolitan Police Department in Washington, D.C., on May 4, 1976, on an unrelated charge, was orally given the *Miranda* warnings and was incarcerated. Shortly thereafter, two F.B.I. agents went to the jail and met the defendant. They identified themselves, informed the defendant they were there to see him about the robbery, and told him that a warrant for his arrest had been issued. The defendant said he could read and write, whereupon one agent gave him the standard *Miranda* advice of rights form. He asked the defendant to read it and the defendant was observed reading the form. Next, an agent asked the defendant if he fully understood his rights, to which he replied affirmatively, and he then signed the form. It is undisputed that neither of the federal agents orally gave the defendant the *Miranda* warnings. The defendant then admitted his involvement in the robbery.

At the suppression hearing, the defendant testified that approximately two and one-half hours before he was questioned by the federal agents he had intravenously taken a combination of heroin and preludin and that, at the time he was questioned, he

was not in control of himself, was high and was nodding, and fell out of a chair once. He remembered signing the form and stated that he only glanced at it reading only one line on the form which advised the defendant that he had the right to talk to a lawyer before any questions were asked and to have a lawyer present during the questioning.

The agent testified that the defendant did read the form for approximately two minutes, signed it, and said he fully understood his rights. He seemed coherent and did not hesitate to sign the form. The agent had seen others under the influence of narcotics to such an extent they could not be interviewed, but the defendant seemed normal and pleasant when he was questioned. He was not nodding and did not fall off the chair while he was being interviewed. The defendant did nothing to give the agent reason to believe that he was under the influence of narcotics. No trickery or coercion of any form was present.

The District Court having heard all the testimony and having observed the demeanor of the witnesses found that the defendant was aware of what was occurring when interrogated and voluntarily, intelligently, and knowingly signed the waiver form.

We agree with the First, Third, Ninth, and Tenth Circuits that it is not essential that the warnings required by *Miranda v. Arizona, supra,* must be given in oral rather than written form. *See: United States v. Coleman,* 524 F.2d 593 (10th Cir. 1975); *United States v. Alexander,* 441 F.2d 403 (3rd Cir. 1971); *United States v. Van Dusen,* 431 F.2d 1278 (1st Cir. 1970); *United States v. Osterburg,* 423 F.2d 704 (9th Cir. 1970), *cert. denied,* 399 U.S. 914, 90 S.Ct. 2166, 26 L.Ed.2d 571 (1970). Here the defendant admitted he could read and write, was given a legally sufficient rights form, was observed reading it, orally admitted that he fully understood his rights and then signed a legally sufficient waiver form. We remind the Government, however, that a heavy burden rests upon it to prove that a person in custody did knowingly and intelligently waive his privilege

against self-incrimination and his right to retained or appointed counsel, *Miranda v. Arizona, supra,* 384 U.S. at 475, 86 S.Ct. 1602 and, although each particular case must depend upon its own facts, *United States v. Hayes,* 385 F.2d 375, 377 (4th Cir. 1967), *cert. denied,* 390 U.S. 1006, 88 S.Ct. 1250, 20 L.Ed.2d 106 (1968), the preferred practice would include *both* an oral recitation of the required *Miranda* warnings coupled with the delivery of a written explanation thereof to the accused and the request that he execute a legally sufficient waiver prior to the commencement of custodial interrogation.

Given the facts set forth above, we also hold that the District Court correctly held that the voluntariness of the defendant's confession was demonstrated by a preponderance of the evidence and was properly admissible for consideration by the court at trial. *United States v. Johnson,* 495 F.2d 378, 383 (4th Cir. 1974), *cert. denied,* 419 U.S. 860, 95 S.Ct. 111, 42 L.Ed.2d 95 (1974).

The defendant's second contention is that certain photographs taken by the bank surveillance camera should not have been admitted at trial because an inadequate evidentiary foundation therefor was laid. This contention is without merit.

Likewise without merit is the defendant's third contention that the denial of an in-trial continuance motion to seek medical evidence corroborating his own testimony that he was using narcotics on the day he was interrogated was improper. The use of narcotics was not controverted. The key to the admissibility of the confession was its voluntariness, which, as noted above, was properly resolved by the District Court against the defendant. The denial of the in-trial continuance motion will not be disturbed since no abuse of discretion has been shown. *United States v. Curry,* 512 F.2d 1299 (4th Cir. 1975), *cert. denied,* 423 U.S. 832, 96 S.Ct. 55, 46 L.Ed.2d 50 (1975); *United States v. Pigford,* 461 F.2d 648 (4th Cir. 1972).

The judgment is

*AFFIRMED.*