STATE

v.

Robert J. APPLETON.

No. 82–43–C.A.

Supreme Court of Rhode Island.

April 26, 1983.

Dennis J. Roberts, II, Atty. Gen., Joel S. Chase, Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Janice M. Weisfeld, Asst. Public Defender, for defendant.

## OPINION

WEISBERGER, Justice.

This is an appeal from a judgment of conviction in the Superior Court for entering a dwelling house with intent to commit a felony. The defendant raises two issues on appeal: (1) that the trial justice erred in instructing the jury on the definition of reasonable doubt and (2) that the trial justice erred in denying the defendant's motion to suppress his confession. We find that the trial justice committed no reversible error. Accordingly, we affirm.

The facts in this case may be briefly summarized as follows. On January 26, 1981, Stephen Salk, the state's complaining witness, returned to his home on President Avenue in Providence at approximately 10 a.m. Upon his arrival, he discovered defendant Robert J. Appleton crouched behind a tree beside the front door. Recognizing that defendant was holding pieces of an antique silver tea service and a jar of coins from his home, Mr. Salk physically detained defendant and requested a mailman to call the police. Mr. Salk testified that while holding defendant pending the arrival of the police, defendant told him to release him, warning that his friends were in the house and would come out to get him.

The police arrived shortly thereafter and placed defendant under arrest. On further examination, Mr. Salk discovered that the windows on his back door had been smashed. Later he found his son's saxophone and a pair of binoculars in the same spot where he had apprehended defendant. At the police station, a custodial search of defendant produced a ring belonging to Mr. Salk's wife. All of these items were missing from Mr. Salk's home.

The defendant was charged with two felony violations pursuant to G.L. 1956 (1981 Reenactment) § 11–8–3, entering a dwelling house with intent to commit larceny, and § 11–32–5, intimidation of a witness. A pretrial motion to suppress the admission of defendant's signed confession was heard and denied on September 1, 1981. After a two-day trial the jury found defendant guilty as charged on count 1 but not guilty on count 2. On September 11, 1981, defendant's motion for a new trial was heard and denied. The trial justice thereafter sentenced defendant to four years at the Adult Correctional Institutions. The defendant filed a timely notice of appeal on November 6, 1981.

■ We are not persuaded by defendant's contention that the trial justice erred in instructing the jury on the definition of reasonable doubt. This court, on review, will read the charge as a whole to determine if it was adequate. *Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368, 373 (1973); *State v. Ballard,* R.I., 439 A.2d 1375, 1384 (1982); *State v.*

*Baker,* R.I., 417 A.2d 906, 910 (1980). It is well settled that a trial justice is not required to use the precise language requested. *United States v. Lachmann,* 469 F.2d 1043, 1046 (1st Cir.1972), *cert. denied,* 411 U.S. 931, 93 S.Ct. 1897, 36 L.Ed.2d 390 (1973). Indeed, a trial justice is free to formulate instructions in his own words as long as he adequately states the applicable law. *State v. D'Alo,* R.I., 435 A.2d 317, 319 (1981).

■ In the instant case, the trial justice instructed the jury that the state had to prove its case beyond a reasonable doubt, that defendant was entitled to the benefit of a doubt based on reason,[1] and that if the state failed to prove each essential element of the crime beyond a reasonable doubt, the presumption of innocence alone is enough to dictate a not-guilty verdict. Upon consideration of the entire charge given by the trial justice in this case, we are satisfied that he adequately stated the applicable law. Hence, there is no merit in this issue raised by defendant.

■ We now turn to the issue of whether or not the trial justice properly denied defendant's motion to suppress his confession. The defendant contends that the manner in which he was informed of his rights under the guidelines set forth in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), was inadequate and that his waiver was therefore invalid. We do not concur.

Police detective Arnold D. Shone (Shone) testified that defendant was given a waiver-of-rights form that contained all the *Miranda* admonitions immediately upon entering the interrogation room, that defendant read the form aloud, and that in response to a question about whether he understood his rights, Mr. Appleton acknowledged that he did. Furthermore, Shone stated that defendant initialed the eight rights enumerated on the form, and attached his signature thereto and that, furthermore, Mr. Appleton did not have any trouble reading the rights.

Many federal appellate courts have held that it is not essential that *Miranda* warnings be given in oral rather than in written form. *See, e.g., United States v. Sledge,* 546 F.2d 1120, 1122 (4th Cir.), *cert. denied,* 430 U.S. 910, 97 S.Ct. 1185, 51 L.Ed.2d 588 (1977); *United States v. Coleman,* 524 F.2d 593, 594 (10th Cir.1975); *United States v. Alexander,* 441 F.2d 403, 404 (3rd Cir.1971); *United States v. Van Dusen,* 431 F.2d 1278 (1st Cir.1970); *United States v. Osterburg,* 423 F.2d 704 (9th Cir.), *cert. denied,* 399 U.S. 914, 90 S.Ct. 2216, 26 L.Ed.2d 571 (1970). We agree.

Thus, in light of the facts set forth above, we believe that the defendant "knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." *Miranda v. Arizona,* 384 U.S. at 475, 86 S.Ct. at 1628, 16 L.Ed.2d at 724. Accordingly, we find that the trial justice was correct in denying the defendant's motion to suppress his confession.

For the reasons stated, the defendant's appeal is denied and dismissed, the judgment of conviction is affirmed, and the papers in the case may be remanded to the Superior Court.

---

1. Although we stated in *State v. Thorpe,* R.I., 429 A.2d 785, 790 (1981), that reasonable doubt is "a doubt based on evidence or lack of evidence," it is not the *only* instruction of reasonable doubt which will accomplish the ultimate purpose of informing the jury of the state's very heavy burden of persuasion. *See United States v. Lawson,* 507 F.2d 433, 442–43 (7th Cir.1974), *cert. denied,* 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 762 (1975). Indeed, no comprehensible charge to a jury could contain every possible nuance favorable to both sides of a case. The essential requirement is that the charge adequately explain the applicable law. *State v. D'Alo,* R.I., 435 A.2d 317, 319 (1981).