Zakerea Carl SCALES *v.* STATE of Arkansas

CA CR 90-311                                   824 S.W.2d 400

Court of Appeals of Arkansas
Division I
Opinion delivered February 5, 1992

*William R. Simpson, Jr.,* Public Defender, by: *Thomas B.*

*Devine*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Zakerea Carl Scales appeals from his conviction of aggravated robbery and theft of property for which he received consecutive sentences totalling fifteen years in the Arkansas Department of Correction. He contends on appeal that the trial court erred in denying his motion to suppress evidence of his confession. We do not agree.

Rowena Crabtree testified that she was robbed at gunpoint by four men. The contents of her purse and other personal property exceeding $330.00 in value was taken. The robbers took her keys from the purse and left the scene driving her car. The next day she observed her car parked on a mall parking lot and alerted the police. Appellant and his three accomplices were taken into custody. The victim positively identified appellant as the person who held the gun on her at the time of the robbery. Appellant, in a pretrial statement, fully admitted his participation in the robbery.

Prior to trial, appellant filed a motion to suppress the confession on grounds that it had been taken in violation of his *Miranda* rights. At the hearing on the motion, Officer Vince Mayer testified that he and Officer James Linkous were present at the interrogation of appellant after his arrest. Officer Mayer stated that appellant freely and voluntarily agreed to answer all questions without an attorney being present. He testified that he showed appellant a standard *Miranda* rights form and asked him if he could read. Appellant stated that he could, and Mayer had him confirm this by reading out loud the first right contained thereon. He stated that appellant did so correctly and without any difficulty. He then asked appellant to read the other listed rights and to initial each one if he understood it. After reading and initialling each of the rights, Mayer asked appellant whether he understood them. Appellant responded that he did. Mayer then asked appellant to read the written wavier of rights attached to the form, which appellant did. Mayer explained what the waiver meant and asked appellant if he had any questions. Appellant responded that he did not, and he signed the waiver.

Officer Linkous testified that he was also present. He stated, however, that Officer Mayer orally advised appellant of his rights before appellant initialled them and signed the waiver. Linkous testified that appellant stated that he understood each right as it was read to him. Both officers testified that there was no indication that appellant was under the influence of alcohol or drugs and that he executed the waiver freely and voluntarily.

Appellant admitted that he could read, but testified that no one gave him any of the warnings required by *Miranda*, either orally or in writing. He stated that he initialed the rights and signed the waiver only because one of the officers hit him on the head with a camera and told him to do so. He denied any knowledge of any of the rights afforded him under *Miranda* other than the right to be represented by an attorney.

The trial court denied appellant's motion to suppress. The court noted the conflict between the officers as to whether the rights were given verbally or in writing, but held that issue was not dispositive. The court found that appellant could read, was informed of his *Miranda* rights, understood those rights, and voluntarily wavied them. The judge specifically stated that he did not believe appellant's accusation that the officers had struck him and coerced him to sign the form without telling him what it was.

■■ As the record shows that the interrogation of appellant took place while he was in custody, his statement is presumed to have been involuntary. The burden was on the State to prove that appellant knowingly and intelligently waived his privilege against self-incrimination and his right to an attorney, and that he voluntarily made the statement. *Scherrer v. State*, 294 Ark. 227, 742 S.W.2d 877 (1988). On appeal, we make an independent review of the totality of the circumstances but will not reverse the trial court's ruling unless it is found to be clearly erroneous. *Porchia v. State*, 306 Ark. 443, 815 S.W.2d 926 (1991); *Douglas v. State*, 286 Ark. 296, 692 S.W.2d 217 (1985). Among the factors to be considered are the age, education, and intelligence of the accused, the advice or lack of advice as to his constitutional rights, the length of detention, the repeated or prolonged nature of the questioning, and the use of any physical or mental punishment. *Douglas v. State, supra.*

Here, appellant testified that he was seventeen years of age

when arrested and that he had completed the eighth grade. He admitted that he could read, and Officer Mayer testified that he confirmed that fact by having appellant read out loud from the rights form. Although the officers differed as to whether appellant's constitutional rights were explained to him verbally or in writing, both testified that they were explained in one form or the other, that appellant stated that he understood each of them before he signed the waiver, and that appellant responded to all questions coherently. There was no evidence that appellant had been in custody for a prolonged period of time before the interview or that the interrogation was prolonged in nature. Although appellant testified that he was subjected to a blow on the head with a camera to compel his waiver, the trial judge stated his disbelief that such an event occurred.

Appellant's youth, while a factor, is not alone a sufficient reason to exclude his confession. *Douglas v. State, supra; Hunes v. State*, 274 Ark. 268, 623 S.W.2d 835 (1981). For the most part, the other points of contention in this case concern matters of credibility, which are left to the trial court. *See Porchia v. State, supra; Segerstrom v. State*, 301 Ark. 314, 783 S.W.2d 847 (1990).

Finally, we agree with the trial court that it is not essential that the warnings required by *Miranda* be given in oral rather than written form. The important thing to determine in each case is whether the accused was informed of and understood his rights before electing to waive them. *See United States v. Sledge*, 546 F.2d 1120 (4th Cir. ), *cert. denied* 430 U.S. 910 (1977); *United States v. Coleman*, 524 F.2d 593 (10th Cir. 1975); *United States v. Alexander*, 441 F.2d 403 (3rd Cir. 1971); *Bell v. United States*, 382 F.2d 985 (9th Cir. 1967). In view of the heavy burden upon the State to prove that a person in custody knowingly and intelligently waived his privilege, however, we agree with the court in *Sledge* that the preferred practice would include both an oral recitation of the required warnings coupled with the delivery of a written explanation thereof to the accused and the request that he execute a legally sufficient wavier prior to the commencement of custodial interrogation.

From our review of the totality of the circumstances of this case, we cannot conclude that the trial court's findings are

clearly against the preponderance of the evidence or that the court erred in denying appellant's motion to suppress.

Affirmed.

COOPER and DANIELSON, JJ., agree.