**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                     No. 94-5731

WARDELL BROWN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-93-277-3)

Submitted: February 7, 1996

Decided: February 29, 1996

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Allen B. Burnside, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. Sean Kittrell, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Wardell Brown appeals from his conviction by a jury for possessing a firearm as a felon, 18 U.S.C.A. §§ 922(g), 924(e) (West Supp. 1995). The district court sentenced Brown as an armed career criminal under § 924(e) and USSG § 4B1.4. **1** to 262 months' imprisonment. Counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), raising three issues but stating that in his view there exist no nonfrivolous grounds for appeal. Brown has filed a supplemental brief raising two additional issues. After a complete review of the entire record, we affirm.

First, Brown contends that the evidence was insufficient to support his conviction. The evidence adduced at Brown's trial consisted of the testimony of the two arresting officers, Jerry Maldonado and Jeffrey Naylor. According to those officers, they received a radio dispatch to be on the look-out for an individual by the name of Wardell wearing a camouflage army jacket and a blue skull cap. Maldonado spotted Brown walking down Main Street and matching the description received by the dispatcher. When asked to come to the patrol car, Brown ran and was seen throwing an object which was retrieved and turned out to be a .32 caliber handgun. The officers also retrieved six rounds of matching ammunition on Brown's person. It is undisputed that Brown has several prior felony convictions. We find this evidence sufficient to support Brown's conviction for being a felon in possession of a firearm. <u>See Glasser v. United States</u>, 315 U.S. 60, 80 (1942) (conviction must be sustained if, viewing the evidence in the light most favorable to the Government, there exists substantial evidence to support the verdict).

_____

**1** United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1993).

2

Second, Brown contends that the district court abused its discretion by refusing to define reasonable doubt after requested to do so by the jury. The jury sent a note requesting a definition of reasonable doubt. The district court declined the request, but recharged the jury with its original instruction on reasonable doubt. Because that instruction met constitutional standards, the district court did not abuse its discretion in refusing to further define reasonable doubt. See United States v. Reives, 15 F.3d 42 (4th Cir. 1994) (district court may refuse to give definition of "reasonable doubt" even when definition is requested by jury), cert. denied, 62 U.S.L.W. 3825 (U.S. June 13, 1994).

Third, Brown alleges that he was improperly sentenced under § 924(e) because the four state convictions (occurring in 1971, 1975, 1981, and 1988) relied upon to sentence him as an armed career criminal were classified as misdemeanors under state law. Section 924(e)(1) establishes a mandatory minimum sentence of fifteen years without parole for any person who has violated 18 U.S.C. § 922(g) and who has had at least three prior convictions for, inter alia, a "violent felony." Section 924(e)(2)(B) defines a"violent felony" to include "any crime punishable by imprisonment for a term exceeding one year." Section 921(a)(20) provides that this definition excludes "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less."

Although South Carolina categorized Brown's offenses (assault and battery of a high and aggravated nature) as misdemeanors, each carried a possible ten-year sentence. And Brown received sentences on those convictions of four years, ten years, ten years, and nine years, respectively. Therefore, they qualify as felonies for purposes of § 924(e).

Brown raises two additional grounds for appeal in his supplemental brief. First he claims that the district court committed a Batson[2] error by granting the Government's reverse Batson motion during the first jury selection. However, any such claim was rendered moot because Brown was allowed to choose a second jury from a different panel and was allowed to use all ten strikes without objection.

_____

2 **Batson v. Kentucky**, 476 U.S. 79 (1986).

3

Second, Brown alleges that the arresting officers failed to obtain a signed written Miranda3 waiver from him. However, there is no such requirement under Miranda. See United States v. Sledge, 546 F.2d 1120 (4th Cir.), cert. denied, 430 U.S. 910 (1977) (information on Miranda rights may be given either in written or oral form).

Accordingly, we affirm the conviction and the sentence imposed by the district court. In accordance with Anders , we have examined the entire record in this case and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs and oral argument would not aid the decisional process.

AFFIRMED

_____

**3 Miranda v. Arizona**, 384 U.S. 436 (1966).

4