STATE OF NORTH CAROLINA v. CRYSTAL STROBEL

No. COA03-566

(Filed 18 May 2004)

**1. Confessions and Incriminating Statements— motion to suppress—*Miranda* warnings—voluntariness**

The trial court did not err by denying defendant's motion to suppress a statement given by her to the police, because: (1) it is not essential that *Miranda* warnings be given orally rather than in written form, although the better practice would be to give the accused both; (2) although defendant contends she did not read the voluntary statement form before she signed it, it is presumed that the accused has read it or has knowledge of its contents unless it is shown that defendant was willfully misled or misinformed by the opposing party; (3) defendant's statement amounted to an equivocal request for an attorney, a detective attempted to clarify whether defendant wanted an attorney and gave her every opportunity to contact her attorney, and defendant never availed herself of these opportunities; and (4) the lack of evidence that defendant felt threatened or was being coerced supports the trial court's conclusion that defendant's statement was voluntary.

STATE v. STROBEL

[164 N.C. App. 310 (2004)]

**2. Constitutional Law— right to counsel—separate charges**

It was permissible for the police to question defendant about a robbery charge outside the presence of the attorney who had been appointed to represent her in the conspiracy to commit robbery charge, because: (1) robbery and conspiracy to commit robbery are separate crimes; and (2) defendant's Sixth Amendment right to counsel had not attached to the robbery with a dangerous weapon charge.

Appeal by defendant from judgment entered 22 October 2002 by Judge Benjamin G. Alford in Craven County Superior Court. Heard in the Court of Appeals 4 February 2004.

*Roy Cooper, Attorney General, by Daniel D. Addison, Assistant Attorney General, for the State.*

*Staples Hughes, Appellate Defender, by Katherine Jane Allen, Assistant Appellate Defender, for defendant-appellant.*

STEELMAN, Judge.

Defendant, Crystal Strobel, appeals the trial court's denial of her motion to suppress a statement given by her to the police. For the reasons discussed herein, we affirm.

The State's evidence tended to show that on 14 November 2001, Jessica Pritt, a manager at a Taco Bell restaurant in Havelock, North Carolina, was robbed while making a nightly deposit at the Branch Bank and Trust. Three individuals were involved in the robbery. One of the individuals, Ernest Erdman, approached Pritt with a bottle while defendant waited in the car. Pritt sustained minor head injuries as she was robbed of a $1600 deposit.

Officer Brian Woods of the Havelock City Police Department interviewed defendant on 25 November 2001, after receiving information obtained from Erdman's girlfriend that indicated defendant was involved in the crime. This was a non-custodial interview. On 29 November 2001, a warrant was issued for the arrest of defendant, charging her with conspiracy to commit robbery with a dangerous weapon. Police arrested defendant on 30 November 2001, and she appeared before the District Court of Craven County on 3 December 2001. At that time, defendant requested an attorney and the court appointed Joshua Willey to represent her on the conspiracy charge.

Sergeant David King of the Havelock Police Department subsequently interviewed Ernest Erdman, who implicated defendant as a participant in the robbery. On 18 January 2002, a warrant was issued for the arrest of defendant, charging her with robbery with a dangerous weapon. Police arrested defendant on 24 January 2002, and she gave a written statement to Sergeant King following her arrest. Defendant moved to suppress her 24 January 2002 statement. The trial court denied this motion after a hearing on 22 October 2002. Following this ruling, defendant entered pleas of guilty to robbery with a dangerous weapon and conspiracy to commit robbery with a dangerous weapon. The charges were consolidated by the trial court and defendant received an active sentence from the mitigated range of thirty-eight to fifty-five months.

[1] Defendant appeals the denial of her motion to suppress pursuant to N.C. Gen. Stat. § 15A-979(b). This is her sole assignment of error.

Sergeant King's interview of defendant on 24 January 2002 was a custodial interrogation. Prior to a custodial interrogation of a defendant, an officer must give warnings to the defendant as mandated by the holding of the United States Supreme Court in *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694 (1966); *State v. Steptoe*, 296 N.C. 711, 716, 252 S.E.2d 707, 710 (1979). In order for a statement obtained during a custodial interrogation to be admissible, *Miranda* requires the following warnings be given to an accused before such interrogation begins: (1) that she has the right to remain silent; (2) that anything she says can and will be used against her in court; (3) that she has the right to consult with a lawyer and to have a lawyer present during interrogation; and (4) that if she cannot afford an attorney, counsel will be appointed to represent her. *Steptoe*, 296 N.C. at 716, 252 S.E.2d at 710.

The trial court found that "Detective King did not orally advise the Defendant of her Miranda Rights, but rather they were given to her to read on State's Exhibit No. 1, the Voluntary Statement." The written statement form set forth each of the *Miranda* rights. It also contained the following language:

> I do not want to talk to a lawyer and I hereby knowingly and personally waive my rights to remain silent and my right to have a lawyer present while I make the following statement to the aforesaid person, knowing that I have the right and privilege to terminate any interview at anytime hereafter and have a lawyer present

with me before . . . answering any more questions or making any more statements if I choose to do so.

Defendant signed each page of the statement. The following language appears at the bottom of the first page of the statement:

I have read each page of this statement consisting of four pages, each page of which bears my signature and corrections, if any, bears my initials, and I certify that the facts contained hereon are true and correct. I further certify that I have made no request for advice or presence of a lawyer before or during any part of this statement, nor at any time before it was finished did I request the statement be stopped. I also declare that I . . . was not told or prompted what to say [in this] statement, and that this statement was completed at 10:40 a.m. on the 24th of January, 2002.

Defendant first contends Sergeant King was required to give defendant the *Miranda* warnings orally and not just in writing. Defendant further contends she did not read the *Miranda* warnings placed in front of her. As a result of these alleged defects, defendant asserts she did not knowingly waive her *Miranda* rights, and thus, her confession should have been suppressed as being obtained in violation of her rights under the Fifth and Fourteenth Amendments to the United States Constitution.

Where a defendant challenges the admissibility of an in-custody confession, the trial judge must conduct a *voir dire* hearing to ascertain whether defendant has been informed of their constitutional rights and has knowingly, voluntarily, and intelligently waived these rights before making the challenged admissions. *State v. Jenkins*, 300 N.C. 578, 584, 268 S.E.2d 458, 463 (1980). "When the *voir dire* evidence is conflicting, as here, the trial judge must weigh the credibility of the witnesses, resolve the crucial conflicts and make appropriate findings of fact." *Id.* Where the trial court's findings of fact are supported by competent evidence, they are conclusive on appeal. *Id.* However, the trial court's conclusions of law "must be legally correct, reflecting a correct application of applicable legal principles to the facts found." *State v. Fernandez*, 346 N.C. 1, 11, 484 S.E.2d 350, 357 (1997). On appeal, the conclusions of law, which are drawn from these findings are fully reviewable. *State v. Booker*, 306 N.C. 302, 308, 293 S.E.2d 78, 81 (1982).

There is no specific requirement as to the exact manner in which police must convey *Miranda* warnings to a person suspected of a

crime. *United States v. Osterburg*, 423 F.2d 704, 705 (9th Cir.), *cert. denied*, 399 U.S. 914, 26 L. Ed. 2d 571 (1970). "The requirement is that the police fully advise such a person of [their] rights" *Id.* (quoting *Bell v. United States*, 382 F.2d 985, 987 (9th Cir. 1967), *cert denied*, 390 U.S. 965, 19 L. Ed. 2d 1165 (1968)). Although we were unable to find a case in North Carolina addressing this issue, numerous other courts have found that it is not essential that the warnings required by *Miranda* be given in oral rather than written form. *See e.g.*, *State v. Sledge*, 546 F.2d 1120, 1122 (4th Cir.), *cert. denied*, 430 U.S. 910, 51 L. Ed. 2d 588 (1977); *United States v. Coleman*, 524 F.2d 593, 594 (10th Cir. 1975); *United States v. Bailey*, 468 F.2d 652, 659-60 (5th Cir. 1972); *United States v. Alexander*, 441 F.2d 403, 404 (3d Cir. 1971); *United States v. Van Dusen*, 431 F.2d 1278, 1280 (1st Cir. 1970); *United States v. Johnson*, 426 F.2d 1112, 1115 (7th Cir.), *cert denied*, 400 U.S. 842, 27 L. Ed. 2d 78 (1970); *United States v. Osterburg*, 423 F.2d 704 (9th Cir. 1970); *Bell v. United States*, 382 F.2D 985, 987 (9th Cir. 1967). Thus, the mere fact that Sergeant King did not read the *Miranda* warnings to defendant, standing alone, does not render defendant's waiver ineffective.

Defendant further argues that since she did not read the "Voluntary Statement" form before she signed it, she did not receive the required *Miranda* warnings and, therefore her statement is inadmissible. We find this argument unpersuasive.

> When a statement purporting to be a confession bears the signature of the accused, it is presumed, nothing else appearing, that the accused has read it or has knowledge of its contents." *State v. Walker*, 269 N.C. 135, 139, 152 S.E. 2d 133, 137 (1967). The rule in civil cases, also applicable to the defendant's argument in this criminal case, is that a person who signs a paper writing has a duty to ascertain the contents of the writing, and he will be held to have signed with full knowledge and assent as to its contents unless it is shown that he was wilfully misled or misinformed by the opposing party, or if the contents were fraudulently withheld from him. *Williams v. Williams*, 220 N.C. 806, 18 S.E.2d 364 (1942).

*State v. King*, 67 N.C. App. 524, 526, 313 S.E.2d 281, 283 (1984).

Here, the trial court found, by a preponderance of the evidence, that: (1) it had the opportunity to see and observe each witness and determine what weight and credibility to give each witness's testimony; (2) Detective King did not orally advise defendant of her

*Miranda* rights, but rather gave them to her to read on a form entitled "Voluntary Statement;" (3) defendant could read and write; (4) she apparently read the Voluntary Statement form; (5) defendant was 22 years old at the time she gave this statement and she had previous employment, which required her to read and sign other documents; and (6) defendant signed each page of her four page statement and on the first page of the document she signed acknowledging she had read each page of the statement and initialed any corrections made to the statement. Based on these findings of fact, the trial court concluded:

> 4. The Statement made by the Defendant to Detective David King on January 24, 2002, was made freely, voluntarily and understandingly.

> 5. The Defendant fully understood her constitutional rights to remain silent and her constitutional right to counsel and all other rights.

> 6. The Defendant freely, knowingly, intelligently and voluntarily waived each of those rights and thereupon made the statement to the abovementioned officers.

We find that there was competent evidence in the record to support the findings of fact, and these in turn support the conclusions of law.

Despite our ruling today, we do note that the better practice would have been to give the accused both an oral recitation of the required *Miranda* warnings, as well as providing her with a written explanation of such rights, and a request that she execute a legally sufficient waiver before the officers began the custodial interrogation. *See United States v. Sledge*, 546 F.2d 1120, 1122 (4th Cir. 1977) (stating that while *Miranda* does not require the warnings be in oral rather than written form, since a heavy burden rests on the State to show the waiver was knowingly given, the better practice is to give the defendant his *Miranda* warnings in both oral and written form).

Next, defendant argues in the alternative, that even if she did receive the *Miranda* warnings, the waiver of those rights was not knowing, intelligent, and voluntary. "[F]or a confession to be admissible, the *Miranda* warnings must be given, a valid waiver obtained, and the confession must be voluntary." *State v. Detter*, 298 N.C. 604, 628, 260 S.E.2d 567, 584 (1979). The State has the burden of estab-

lishing by a preponderance of the evidence that the defendant know-ingly, voluntarily, and intelligently waived the rights afforded to her under *Miranda*. *State v. Johnson*, 304 N.C. 680, 685, 285 S.E.2d 792, 795 (1982). The voluntariness of a waiver is to be determined by the "totality of the circumstances." *State v. Wallace*, 351 N.C. 481, 520, 528 S.E.2d 326, 350, *cert. denied*, 531 U.S. 1018, 148 L. Ed. 2d 498 (2000) (citations omitted).

In order to protect an accused's Fifth Amendment right not to be compelled to incriminate themselves, *Miranda* directs that an accused who is subject to custodial interrogation have the right to consult with an attorney and to have counsel present during such questioning. *Miranda*, 384 U.S. 436, 470, 16 L. Ed. 2d 694, 421 (1966); *Steptoe*, 296 N.C. 711, 716, 252 S.E.2d 707, 710 (1979). If at any time during the questioning a suspect requests counsel to be present, all questions must cease immediately. *Miranda*, 384 U.S. at 444-45, 16 L. Ed. 2d at 707; *Steptoe*, 296 N.C. at 716, 252 S.E.2d at 710. However, a suspect must *unambiguously* request counsel. *Davis v. United States*, 512 U.S. 452, 459, 129 L. Ed. 2d 362, 371 (1994). "[I]f a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer . . . would have understood only that the sus-pect *might* be invoking the right to counsel, our precedents do not require the cessation of questioning." *Id.* (emphasis in original).

Defendant contends she asserted her Fifth Amendment right to counsel during the interrogation when she told the officer she had a court-appointed attorney representing her on the conspiracy charge. However, we find that Officer King did not deny defendant the oppor-tunity to contact the attorney who represented her on the conspiracy charge. To the contrary, when defendant mentioned she had a court-appointed attorney representing her on her conspiracy charge, Detective King told defendant she could use the telephone and tele-phone book located in the room to call her attorney. Detective King also told defendant he would stop the statement until such time as she had the opportunity to talk to her lawyer. At best, defendant's statement amounted to an equivocal request for an attorney, and as the case law indicates, the officer could have and did continue ques-tioning defendant without any constitutional violation.

Detective King attempted to clarify whether defendant wanted a lawyer. He also gave defendant every opportunity to contact her attorney. Defendant never availed herself of these opportunities. For these reasons, we find defendant's Fifth Amendment right to counsel was not violated.

STATE v. STROBEL

[164 N.C. App. 310 (2004)]

Defendant, again argues in the alternative, that even if she did receive the warnings required under *Miranda v. Arizona*, the waiver of those rights was not voluntary because Detective King gave her an implied "warning" about the consequences of contacting her attorney.

For a waiver of defendant's rights to be valid, it must be given free from intimidation, coercion, or deception. *Moran v. Burbine*, 475 U.S. 412, 421, 89 L. Ed. 2d 410, 421 (1986). As we stated above, the State has the burden of establishing by a preponderance of the evidence that the defendant voluntarily waived the rights afforded to her under *Miranda*, and that the voluntariness of a waiver is to be determined by the totality of the circumstances. *Johnson*, 304 N.C. at 685, 285 S.E.2d at 795; *Wallace*, 351 N.C. at 520, 528 S.E.2d at 350. Furthermore, where it appears that an incriminating statement was given under any circumstances indicating coercion or involuntary action, that statement will be inadmissible. *Steptoe*, 296 N.C. at 716, 252 S.E.2d at 710.

Defendant claims Officer King gave her an implied "warning" against calling her attorney by telling her that if she wanted to call her attorney he would stop his questioning and she could give her version in court. When asked at the *voir dire* hearing whether she felt she was being warned, defendant responded in the negative. She testified that Detective King never told her what, if anything, would happen to her if she did not give her statement. The lack of evidence that defendant felt threatened or was being warned supports the trial court's conclusion that defendant's statement was voluntary. Detective King's remarks could not be taken as a threat or warning. Rather, Detective King's statement to defendant, that he would stop the questioning if she chose to talk with her attorney, was simply a recital of her rights and the officer's duty as required by *Miranda v. Arizona*. The rest of Detective King's remarks, that defendant "could give her version in court," also cannot be construed as a warning, as it is merely the truth. If defendant chose not to give her statement, then she would be given the chance to tell her side of the story at trial. In considering the totality of the circumstances, none of the findings supports a claim that the officer threatened defendant or otherwise attempted to frighten or coerce her into confessing.

Our review of the record in this case affirms that the trial court did not err by denying defendant's motion to suppress, as her statement was given voluntarily and knowingly. This assignment is overruled.

**[2]** We also find that defendant's Sixth Amendment right to counsel was not violated. The Sixth Amendment provides that "[i]n all criminal prosecutions the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. CONST. amend. VI. A defendant's Sixth Amendment right to counsel does not attach until a prosecution has been commenced, either "by way of a formal charge, preliminary hearing, indictment, information or arraignment." *Texas v. Cobb,* 532 U.S. 162, 167-68, 149 L. Ed. 2d 321, 328 (2001), *cert denied,* 537 U.S. 1195, 154 L. Ed. 2d 1032 (2003); *State v. Warren,* 348 N.C. 80, 95, 499 S.E.2d 431, 439, *cert denied,* 525 U.S. 915, 142 L. Ed. 2d 216 (1998) (citations omitted). The police may not interrogate a defendant whose Sixth Amendment right has attached unless counsel is present or the defendant expressly waives his right to assistance of counsel. *Warren,* 348 N.C. at 95, 499 S.E.2d at 439. However, the Sixth Amendment right to counsel is *offense-specific* and "cannot be invoked once for all future prosecutions." *Cobb,* 532 U.S. at 167, 149 L. Ed. 2d at 328; *Warren,* 348 N.C. at 95, 499 S.E.2d at 439 (emphasis added) (citations omitted). Just because a defendant invokes his Sixth Amendment right to counsel on a given charge does not prevent police from questioning him about other possible criminal activity, even if the other criminal activity is factually related to the first crime charged. *Cobb,* 532 U.S. at 172-73, 149 L. Ed. at 331-32; *Warren,* 348 N.C. at 95, 499 S.E.2d at 439.

To ascertain whether the second crime is a separate crime from the first for purposes of determining whether the Sixth Amendment right to counsel has attached, the court must determine if each crime requires proof of a fact which the other does not. *Cobb,* 532 U.S. at 173, 149 L. Ed. 2d at 331-32. If the two crimes are different, then the police may question the suspect about the second crime without the presence of the attorney representing the defendant in the first crime. *Id.*

When Officer King arrested defendant on the robbery charge, defendant told the officer she had an attorney who was appointed to represent her on the conspiracy charge. Officer King told defendant that the attorney who had been appointed to represent her on the conspiracy charge had not been appointed to represent her on the robbery charge because the two charges were different. The North Carolina Supreme Court has determined that robbery and conspiracy to commit robbery are separate crimes. *State v. Kemmerlin,* 356 N.C. 446, 477, 573 S.E.2d 870, 891 (2002); *State v. Carey,* 285 N.C. 509, 513, 206 S.E.2d 222, 225 (1974). Therefore,

defendant's Sixth Amendment right to counsel had not attached to the robbery with a dangerous weapon charge. Thus, it was permissible for the police to question defendant about the robbery, outside the presence of the attorney who had been appointed to represent her in the conspiracy charge.

AFFIRMED.

Chief Judge MARTIN and Judge GEER concur.