NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 25 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30176 |
| Plaintiff–Appellee, | D.C. 3:16-cr-00185-SI-1 |
| v. | |
| WES EDWARD HAMMAN, | MEMORANDUM[*] |
| Defendant–Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted June 6, 2018
Portland, Oregon

Before: M. SMITH and MURGUIA, Circuit Judges, and KORMAN,[**] District Judge.

Indicted for bank robbery, Wes Hamman eventually asked to represent himself. Pursuant to *Faretta v. California*, 422 U.S. 806 (1975), the judge held a hearing, told Hamman of the risks, and then let him. He was convicted. On appeal,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

we address two purported errors in the *Faretta* hearing. Hamman does not otherwise dispute that his choice to represent himself was knowing and intelligent: he was generally informed of the right to counsel, the nature of the charges against him, the possible penalties, and the dangers of self-representation. *See United States v. Johnson*, 610 F.3d 1138, 1144 (9th Cir. 2010); *United States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004). Because we consider the legal sufficiency of a *Faretta* hearing, our review is *de novo*. *Erskine*, 355 F.3d at 1166–67.

1. We reject Hamman's argument that the *Faretta* hearing should have included an explicit inquiry into his competency to represent himself. There may be room between competency to stand trial and competency to represent one's self, *see Indiana v. Edwards*, 554 U.S. 164, 172–74 (2008), but we see nothing in the record that would warrant the inquiry Hamman argues was required. Hamman had reported psychological problems, but he had also been medically evaluated and deemed competent to stand trial. He expressed himself coherently at the *Faretta* hearing, denied mental impairment, and even explained the strategic reason why he wanted to represent himself: so that he could tell his story in his statements as an attorney without risking cross-examination as a witness.[1] (And Hamman has never claimed that he actually was incompetent to represent himself.)

---

[1] The judge fully counseled Hamman about the risk of this strategy.

2. Hamman also argues that the *Faretta* hearing should have examined whether he was dissatisfied with his appointed lawyer—already his second—and whether he wanted a new one. A third lawyer, Hamman claimed after the fact, is what he had really wanted. But he did not ask for one because, when the judge had appointed the second lawyer weeks earlier, the judge had warned that he would not appoint a third.

We reject this argument, too. Hamman explained why he wanted to represent himself: so he could tell his story without risking cross. He cannot expect the district court to have intuited that this was really a desire for a new lawyer. If that is what he wanted, he should have asked. *Cf. Bell v. United States*, 382 F.2d 985, 986 (9th Cir. 1967) ("If trial counsel desired to do what it is now represented that he wished to do, he should have made the judge aware of his intention."). Even if the district judge had decided that he would not appoint a third lawyer, perhaps circumstances had changed. And even without changed circumstances, judges are always "free, in the exercise of sound judicial discretion, to alter" pretrial rulings. *Luce v. United States*, 469 U.S. 38, 41–42 (1984). The case Hamman cites, *United States v. Velazquez*, 855 F.3d 1021, 1035 (9th Cir. 2017), is distinguishable because it concerns a judge's duty to inquire when she is *told* of problems in the attorney–client relationship, which did not happen here.

**AFFIRMED**.